561 A.2d 1334

Marie FENTON, Administratrix of the Estate
of William Carter

v.

CITY OF PHILADELPHIA and Commonwealth of Pennsylva-
nia, Department of Transportation and David Kulb.

Appeal of CITY OF PHILADELPHIA, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 8, 1989.

Decided Aug. 4, 1989.

Reargument Denied Oct. 12, 1989.

Miriam B. Brenaman, Seymour Kurland, City Solicitor, Norma S. Weaver, Chief Deputy in charge of claims, Barbara R. Axelrod, Divisional Deputy in charge of Appeals, Philadelphia, for City of Philadelphia.

Larry Coben, Gerald A. McHugh, Jr., Philadelphia, for Marie Fenton.

Theodore Chylack, Deputy Atty. Gen., Norristown, for other appellees.

Before BARRY, McGINLEY and SMITH, JJ.

OPINION

BARRY, Judge.

The City of Philadelphia appeals two orders of the Court of Common Pleas of Philadelphia, one of which denied the City's post verdict motions and directed the entry of judgment in favor of Marie Fenton, administratrix of the estate of her son, William Carter, and a subsequent order amending the original order.

On February 19, 1982, Carter was a passenger in an automobile driven by David Kulb. While proceeding north on Richmond Street approaching the intersection [1] at Butler Street, Kulb attempted to pass a tractor trailer which was proceeding in the same direction in the right hand lane. The driver of the tractor trailer then proceeded to make a left turn onto Butler Street, forcing the Kulb vehicle into a concrete abutment. The driver of the tractor trailer stopped only momentarily before driving away. Carter was injured in the accident and four and one-half years later died as a result of those injuries.

Carter filed a complaint against both the City and the Commonwealth's Department of Transportation. DOT joined Kulb as an additional defendant. While discovery

1. Richmond Street runs north and south while Butler Street runs east and west, ending at Richmond Street.

was ongoing, Carter died and Fenton, as administratrix of the estate, was substituted in Carter's place.

Trial was held during the first two weeks of April, 1987. The jury found Kulb to be 75% negligent, the driver of the tractor trailer to be 12.5% negligent and the City to be 12.5% negligent. The jury absolved DOT. The jury awarded damages of almost $1.4 million. Post verdict motions were denied and the City appealed. The trial court then amended the original order and awarded delay damages against the City and molded the verdict against the City in the amount of $521,643.75. The City also appealed that order and the two appeals were consolidated in this Court.

The City alleges a number of errors, a majority of which relate to its claim that it is entitled to governmental immunity under 42 Pa.C.S. § 8541. We agree with that portion of the City's argument that plaintiff failed to offer sufficient evidence to come within any of the exceptions in 42 Pa.C.S. § 8542(b). The trial court therefore should have granted the City's motion for a compulsory nonsuit.

Plaintiff throughout this litigation has maintained that the City was liable under 42 Pa.C.S. § 8542(b)(4) ("a dangerous condition of ... traffic signs ... or other traffic controls....") and 42 Pa.C.S. § 8542(b)(6) ("a dangerous condition of streets owned by the local agency...."). Importantly, both of those exceptions contain the following proviso.

[T]he claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could be reasonably charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(4) and (6).

Plaintiff has argued that this accident was caused by the improper or inadequate markings on the northbound lanes of Richmond Street where traffic could either proceed north

on Richmond Street or turn left to proceed west on Butler Street. According to this argument, the accident in question could have been prevented if the City had established a well marked left hand turning lane for the vehicles wishing to turn left onto Butler Street. In support of its theory, plaintiff offered the expert testimony of Dr. Judson Matthias, a civil engineer specializing in traffic engineering and operations and highway design and operations. Dr. Matthias opined that the lack of a left hand turn lane was a dangerous condition. He also testified that the lines painted on Richmond Street were inadequate and confusing, thereby creating a dangerous condition because of the possibility of someone making a left turn onto Butler Street. If mere proof of a dangerous condition were required, Dr. Matthias' testimony would have been sufficient.

As already mentioned, however, the plaintiff must prove that the City had actual or constructive notice of the dangerous condition. Plaintiff introduced a videotaped deposition of Mayor Wilson Goode who acknowledged that in 1981, while he was the City Manager, he went to the neighborhood so that area residents could air their complaints about the level of truck traffic on Butler Street. Plaintiff also offered proof that the City, for a short period in 1981, prohibited large trucks from using Butler Street until DOT informed the City that that prohibition could not stand. Plaintiff offered further testimony that because of periodic resurfacing of Richmond Street, the City on a number of occasions was required to repaint the lane markings. We believe it crucial that *none of this evidence dealt with the specific problem of a lack of a left hand turning lane,* the lynchpin of the plaintiff's case. Plaintiff introduced the testimony of Mia Aves, a resident of Butler Street, who did tell of trucks turning left and almost striking automobiles parked against the right hand curb of Richmond Street northbound. *Nowhere in Ms. Aves' testimony is any mention of the City being informed of this problem.* Furthermore, the plaintiff offered no testimony

of any specific prior accidents, let alone any accidents similar to the one involved here.

In *Wyke v. Ward*, 81 Pa. Commonwealth Ct. 392, 474 A.2d 375 (1984), we held that questions of foreseeability in cases involving the defense of immunity (and for that matter, all negligence cases) were for the jury. Regretfully for the plaintiff here, there was, in our view, no evidence from which the jury could find that this accident was reasonably foreseeable by the City. The plaintiff has also failed to meet this essential element under 42 Pa.C.S. § 8542(b).

Reversed.[2]

## ORDER

NOW, August 4, 1989, the orders of the Court of Common Pleas of Philadelphia, dated June 7 and June 22, 1988, at No. 5404 October Term 1983, are reversed and the matter is remanded so that the court may enter judgment in favor of the City of Philadelphia.

Jurisdiction relinquished.

---

2. Because of our disposition of this issue, we need not consider the City's remaining allegations of error.