## Robinson v. City of Philadelphia

*David Itkoff,* for plaintiff
*Lance D. James,* for defendant.

ROSENWALD, *J.,* July 8, 1991—This cause of action arose out of a trip and fall at the intersection of Fifth and Lombard Streets in Philadelphia, on September 12, 1984. The plaintiff, intending to get to the bus stop at Fifth and Lombard Streets, crossed in a southbound direction and proceeded to the

middle of the intersection.[1] While in the middle of the intersection, plaintiff became frightened when she noticed an automobile making a right hand turn onto Lombard Street. Plaintiff was frightened because the automobile was headed eastbound on Lombard Street, in the wrong direction, and was headed directly toward her. As the automobile approached the plaintiff, she tried to avoid the automobile by stepping to her right. When the plaintiff stepped to her right, she stubbed her toe between the rim of a manhole and the street, causing her to fall on her knee and suffer injuries. The manhole, which allegedly caused plaintiff to fall was 2 to 2 1/2 inches below the rim and the street. While plaintiff was lying on the street another automobile was headed in a westerly direction on Lombard Street, directly toward her. Both automobiles came to a complete stop before striking the plaintiff.

The case proceeded to trial on February 26, 1991, on the issue of liability only. Plaintiff introduced the testimony of Mr. Clement, an employee of the city Sewer Department, as of cross-examination.[2] Plaintiff, through Mr. Clement, attempted to establish that the manhole in question was owned by the city, but she failed.

Plaintiff then presented the testimony of Kenneth C. Taber, an expert in the fields of safety engineering and metallurgy engineering. Mr. Taber testified that the depression of the manhole, which was two inches deep, constituted a tripping hazard.

---

1. Lombard Street, a city-owned street, is a one-way street and runs in a westerly direction. Fifth Street, a state-owned highway is also a one-way street which runs in a northerly direction.

2. Mr. Clement was employed by the city of Philadelphia Sewer Department at the time of this accident.

24

After the testimony of Mr. Taber, plaintiff rested its case-in-chief. Subsequently the city of Philadelphia made a motion for a compulsory nonsuit. This court, after considering the arguments of both parties, entered the compulsory nonsuit in favor of the city of Philadelphia.

## DISCUSSION

The plaintiff, in order to prevail against the city of Philadelphia must allege and prove that the defendant's conduct at the time of the accident fell within one of eight exceptions to governmental immunity enumerated under the Political Subdivision Torts Claim Act. 42 Pa.C.S. §8545 *et seq.* In the case at bar, the plaintiff has asserted that the city of Philadelphia is liable for the plaintiff's injuries under two exceptions to governmental immunity, (1) The "utility service facilities" exception and; (2) The "streets" exception.

### I. *The Utility Service Facilities Exception*

The city of Philadelphia, as a local agency, may be liable for the plaintiff's injuries if at the time of the accident a "dangerous condition of the facilities steam, sewer, water, gas or electric systems *owned* by the [city of Philadelphia] and located within the rights of way" was the legal and proximate cause of the injuries suffered by the plaintiff. 42 Pa.C.S. §8542(n)(5).

The plaintiff, in order to prevail under this exception, must establish by the preponderance of the evidence that the city of Philadelphia was the owner of the manhole which caused plaintiff to trip and fall. The plaintiff must further establish that the city of Philadelphia had actual or constructive notice of the

dangerous condition which allegedly existed at the time of the accident, September 12, 1984.

The plaintiff attempted to prove that the manhole in question was owned by the city of Philadelphia, through the testimony of Mr. Clement, an employee of the city Sewer Department. Mr. Clement testified that the manhole in question was located on a city-owned street but he never testified that the city owned the utility facility which caused plaintiff to trip and fall.

The plaintiff failed to prove that the city of Philadelphia was the owner of the manhole which caused the plaintiff to trip and fall, thus plaintiff is estopped from asserting liability against the city of Philadelphia under the "utility service facilities" exception to governmental immunity.[3]

## II. *The Streets Exception To Governmental Immunity*

Under the streets exception to governmental immunity, the city of Philadelphia may be liable for any injuries sustained by the plaintiff as a result of any negligence by the local agency or its employees if a dangerous condition of streets owned by the local agency existed at the time of the accident.

"The plaintiff, [however], must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury that [plaintiff suffered] and that the [city of Philadelphia] had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the accident to have taken

---

3. Since plaintiff failed to prove that the city of Philadelphia was the owner of the manhole, this court finds it unnecessary to discuss the issue of notice under this exception to governmental immunity.

26

measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(i).

The plaintiff, in order to prevail under the streets exception, must prove that the city of Philadelphia had actual or constructive notice of the dangerous condition of Lombard Street. *Fenton v. City of Philadelphia,* 127 Pa. Commw. 466, 561 A.2d 1334 (1989). Furthermore, the type of injury caused by the dangerous condition must be reasonably foreseeable. *Campbell v. PennDOT,* 105 Pa. Commw. 494, 498, 524 A.2d 1066, 1068 (1987), *appeal denied* 517 Pa. 627, 538 A.2d 880 (1987).

The plaintiff, through her expert, established that the manhole, located on Lombard Street, being two inches deep, constituted a tripping hazard and a dangerous condition at the time of the accident. The plaintiff, however, never proved that the city of Philadelphia had actual or constructive notice of the dangerous condition of Lombard Street prior to the accident of September 12, 1984.

To impose liability upon the city of Philadelphia under the "streets exception" to governmental immunity, the plaintiff must prove that the defendant had actual or constructive notice of the dangerous condition. *Fenton,* at 469, 561 A.2d at 1336. The only evidence plaintiff produced on the issue of notice was the testimony of Mr. Clement. Mr. Clement testified that the city of Philadelphia never had any complaints about the condition of the manhole and Lombard Street, prior to this accident.

The plaintiff has failed to prove notice of the dangerous condition of Lombard Street and the manhole, thus she is barred from imposing liability upon the city of Philadelphia under the "streets exception" to governmental immunity.

## ·CONCLUSION '

"Judgment of nonsuit is properly entered if a plaintiff has not introduced sufficient evidence to establish the elements necessary to maintain an action." *Morena v. South Hills Health Systems*, 501 Pa. 634, 639, 462 A.2d 680, 683 (1983); *Scott v. Purcell*, 490 Pa. 109, 415 A.2d 56 (1980); *Marlin v. W.W. Babcock Co.*, 21 Phila. Rep. 383 (1990).

In the case at bar, plaintiff failed to prove that the city of Philadelphia was the owner of the manhole and she failed to prove that the city of Philadelphia had actual or constructive notice of the dangerous condition of Lombard Street or the manhole. Based on the above reasons, the compulsory nonsuit, entered in favor of the city of Philadelphia was proper.