626 A.2d 672

**Jane Louise BABCOCK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided April 30, 1993.

Reargument Denied July 8, 1993.

70

Paul J. Malizia, for appellant.

Gerhard Schwaibold, Deputy Atty. Gen., for appellee.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Jane Louise Babcock appeals from an order of the Court of Common Pleas of Potter County which granted the Department of Transportation's (DOT) Motion for Partial Summary Judgment.

Babcock was injured on December 7, 1986, when the car she was operating on Pennsylvania Route 607 left the highway and struck a fallen tree or log. The cause of Babcock's losing control of her vehicle remains unknown. Babcock's car left the cartway,[1] went into a ditch on its side, overturned, and skidded along the ditch and up an embankment where it collided with the tree or log,[2] which penetrated the car and struck Babcock. The only evidence offered by Babcock clearly shows that the log was lying on the embankment some distance from the shoulder of the road. The parties disagree whether the tree had fallen there or had been cut and moved there. DOT's witnesses acknowledged that they had been doing some tree cutting in the general area after a heavy snowfall which had preceded the accident but were unable to state whether they had cut the log which actually injured Babcock, as they do not maintain records of such activities.

Babcock's complaint alleged, *inter alia*, that DOT was negligent in permitting the log to protrude onto the "highway."[3] In its answer, DOT raised the defense of sovereign immunity, 42 Pa.C.S. § 8521.[4] Following the deposition of its personnel

1. The "cartway" is generally accepted as the paved and travelled portion of the highway. *See Caldwell v. Department of Transportation,* 120 Pa.Commonwealth Ct. 358, 548 A.2d 1284 (1988). The "berm" or "shoulder" is generally accepted as the paved portion to either side of actual travelled portion of the road. *Id.* We use "highway" as a generic term encompassing both the cartway and the berm.

2. Babcock characterizes the object she struck as a "log." (Babcock's complaint Section 6, ¶ 11). By a log, she means a fallen tree, which has been cut or sawed. Babcock distinguishes between a fallen tree as a natural hazard and a "log" as an artificial hazard. For the purpose of this opinion, we accept her terminology.

3. We do not address Babcock's other allegations, because they are not the subject of the motion which has been appealed.

4. 42 Pa.C.S. § 8521, provides in relevant part, that:

responsible for maintenance of the area where the accident took place, DOT filed a Motion for Partial Summary Judgment and moved to strike the three paragraphs in Babcock's complaint which alleged that DOT was negligent in allowing the log to protrude onto the highway. DOT argued that the conditions complained of in those paragraphs did not fall within the exceptions to sovereign immunity..

The trial court granted DOT's motion on the grounds that the protruding log did not fall within the exceptions to sovereign immunity and in its opinion of March 24, 1992, reasoned that the tree did not constitute a dangerous condition *of* the highway, nor did it constitute personal property under the control of DOT. This appeal followed.

■ When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Wilson v. Ridgway Area School District*, 141 Pa. Commonwealth Ct. 607, 596 A.2d 1161 (1991), *petition for allowance of appeal denied*, 530 Pa. 650, 607 A.2d 258 (1992). In reviewing this appeal, however, the expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires this Court to interpret the exceptions to sovereign and governmental immunity narrowly. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

On appeal, Babcock contends that the trial court erred in granting summary judgment because the log protruding into the right-of-way of a highway is a dangerous condition of the highway for which sovereign immunity has been waived pursuant to 42 Pa.C.S. § 8522(b)(4), or alternatively, that the log was personal property under the control of DOT and it qualifies for the exception under 42 Pa.C.S. § 8522(b)(3). These sections provide as follows:

> **(a) General rule.**—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.
> 42 Pa.C.S. § 8521(a).

**(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

**(3) Care, custody or control of personal property.**—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, . . . .

**(4) Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa.C.S. §§ 8522(b)(3), (b)(4).

With regard to the (b)(4) real estate exception, Babcock argues that after DOT's personnel cut the fallen trees, their negligence in allowing the logs to protrude over the Commonwealth's *right-of-way* altered the character of the condition of the *highway* from natural to artificial, citing *Department of Transportation v. Weller*, 133 Pa.Commonwealth Ct. 18, 574 A.2d 728 (1990) (Commonwealth liable for injury caused when DOT negligently plowed snow and formed an 18–inch high "ramp" over the berm and guardrail of a state highway thereby creating a dangerous condition *of* the highway as well as *on* the highway). *Weller* is distinguishable from the instant case, however, on two grounds: first, in *Weller* DOT created the dangerous condition which directly caused the plaintiff's automobile to "ramp" over the guardrail thereby causing the injury, and second, in *Weller* the dangerous condition was on the highway and berm itself while here the alleged dangerous condition was not on the highway at all or even on the

shoulder, but on an embankment some distance from the shoulder of the road, albeit within DOT's right right-of-way.[5]

For the real estate exception to sovereign immunity to apply, our Supreme Court opined that the dangerous condition must cause the injury and "must derive, originate from, or have as its source the Commonwealth realty." *Snyder v. Harmon*, 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). The exception will not apply where the injury is merely "facilitated" by the dangerous condition of the real estate and not caused by it. *Mascaro*. In *Weller*, DOT did not facilitate the injury, but actually caused it. Here, it is obvious that the tree or log did not cause the accident, but at most may have facilitated the injury or caused further injury. The accident was caused by the car leaving the road and shoulder, striking the embankment and overturning. Clearly, a log lying on the ground could not have injured Babcock unless her car had first slid off the highway, overturned and then slid further off the shoulder into the embankment.[6]

Additionally, 42 Pa.C.S. § 8522(b)(4) waives sovereign immunity for a "[d]angerous condition of Commonwealth

**5.** In her argument, Babcock describes the log as protruding into: the "highway," (Babcock's Brief p. 3) the "road right-of-way," (Babcock's complaint, Section 6, ¶ 11) and the "berm" (Babcock's Brief p. 6). But Babcock, in her complaint, described the collision as between her car and the embankment and a log lying on the embankment. The photographs supplied by Babcock and the undisputed testimony of the DOT employees clearly confirm this original description. There is nothing in the record indicating that the log was ever protruding onto the *cartway* or the *berm* of the road. Babcock is bound by her pleadings. Pa.R.C.P. No. 1035.

**6.** We are not holding, today, that DOT cut down the tree, that the tree shown in Babcock's photographs was the one which caused the injury, that DOT allowed it to protrude into the right-of-way, or even that the log was within the Commonwealth's right-of-way. We assume that it was within the Commonwealth's right-of-way only for the purposes of argument because in considering a motion for summary judgment, all well-pled facts in the non-moving party's pleadings must be accepted as true. *Harding v. Galyias*, 117 Pa.Commonwealth Ct. 371, 544 A.2d 1060 (1988), *petition for allowance of appeal denied*, 521 Pa. 625, 557 A.2d 727 (1989). What constitutes a dangerous condition, is, of course, a question of fact for the jury. *Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992).

agency real estate and sidewalks, including Commonwealth-owned ... highways under the jurisdiction of a Commonwealth agency...." Babcock has cited no authority that indicates that DOT must maintain all property within its right-of-way in a condition which renders it safe for car travel. To accept Babcock's argument would place the intolerable burden upon DOT of forcing it to maintain any property within its unopened right-of-way in a condition allowing safe car travel. The right-of-way off the highway or cartway is clearly neither intended to be used nor is regularly used for vehicular travel.

Babcock next contends that this case falls under the personal property exception to sovereign immunity, 42 Pa.C.S. § 8522(b)(3), arguing that DOT assumed control of the fallen tree or log by cutting it. Babcock analogizes this case to *Weller*, in that DOT, by cutting the tree took control of it and changed the natural condition to an artificial one. We conclude that there is simply no evidence from which to conclude that DOT had cut the tree or had the care, custody or control of the log which injured Babcock. There are no other possible witnesses with personal knowledge of the facts with regard to the tree and no records were kept by DOT. Furthermore the only witness with personal knowledge of the accident site testified that Babcock struck a tree which had fallen and not a "log." (Gunzberger Deposition, N.T. 3–16).

Although the court must view all evidence in the light most favorable to the non-moving party and accept all well-pled facts as true, Pa.R.C.P. No. 1035(d), which governs motions for summary judgment, also provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party *may not rest upon the mere allegations or denials of his pleading,* but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added.)

Because Babcock has not shown that the tree or log was under DOT's care, custody or control, the trial court was justified in determining that the personal property exception to sovereign immunity does not apply. Because the tree or log was merely lying dormant within DOT's right-of-way, it does not automatically place it within the care, custody or control of DOT.

Based on the foregoing discussion, we affirm the order of the trial court granting DOT's Motion for Partial Summary Judgment.

### *ORDER*

NOW, April 30, 1993, the order of the Court of Common Pleas of Potter County in the above-captioned matter is hereby affirmed.