William GRAMLICH and Andrea
Gramlich, h/w, Appellants

v.

LOWER SOUTHAMPTON TOWNSHIP
and Gustav and Dorothy Cullman.

Commonwealth Court of Pennsylvania.

Argued June 2, 2003.
Decided Dec. 17, 2003.

Jonathan Wheeler, Philadelphia, for appellants.

Charles J. Daily, Philadelphia, for appellees.

BEFORE: McGINLEY, Judge, COHN, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY JUDGE COHN.

Before us for consideration is the question of whether a concrete inlet and opening of a drainage pipe, constructed by a homeowner in the unpaved right-of-way adjacent to the paved portion of the street, comes under the "streets" or "real property" exception to governmental immunity. William and Andrea Gramlich appeal from the order of the Court of Common Pleas of Bucks County that granted Lower Southampton Township's motion for a directed verdict on the basis of governmental immunity, and denied the Gramlichs' motion for post trial relief.

The matter arises out of personal injuries sustained by William Gramlich while he was collecting recyclable materials during the course of his employment with Waste Automation, Inc. On February 7, 1996, Gramlich stepped, with his left leg, into the opening around a drainage pipe, which was covered with snow. His leg became stuck, he slammed his right knee into the concrete surrounding the opening of the hole and twisted his leg. His left boot became stuck in the opening and he could not extricate himself. After Gramlich attempted to alert passing automobiles, someone stopped and assisted him by untying his boot lace. Gramlich notified his supervisor and continued his recycling route even though his knee was hurting. He went to the hospital the next day because his knee had swollen.

The open hole was located on property owned by Gustav and Dorothy Cullman at 324 East Myrtle Avenue, Feasterville, Pennsylvania, and was adjacent to a public roadway. Shortly after the fall, Gramlich returned to 324 East Myrtle Avenue, observed that the opening of the drainage hole in which he had been stuck was located 1 to 2 feet from the paved surface of the street, and that there was no covering or grating on top of the opening. East Myrtle Avenue does not have any sidewalks abutting it and the Cullmans' yard ends at the edge of the paved surface of

the street. There is no berm or shoulder onto which a car could park from the traveled portion of East Myrtle Avenue.

The Cullmans purchased the East Myrtle Avenue property in 1956 and have lived there since that time. In 1956, the driveway was made of crushed stone, which washed away every time it rained. To remedy the situation, Gustav Cullman dug out the end of his driveway, adjacent to East Myrtle Avenue, as well as along part of the grassy portion of the yard on either side of the end of the driveway. Cullman installed a drainage pipe that ended on his property, approximately 18 to 24 inches from the paved portion of East Myrtle Avenue. He covered the pipe with crushed stone, leaving both ends of the pipe exposed on either side of the driveway. On one side the Cullmans' had a mailbox, which was located approximately two feet from the pipe, and the mail carrier ran over that end of the pipe, flattening it when delivering the mail. To prevent the flattening of the pipe on that end, Cullman built a vertical, concrete inlet flush with the road surface in the early 1960s, but left the opening uncovered. Thus, Cullman created an uncovered hole similar to a storm sewer drain. At no time did the Cullmans ever notify the Township or seek the Township's approval to install the drain pipe or to perform any improvements to it.

On February 3, 1997, the Gramlichs filed a complaint in the Court of Common Pleas of Bucks County against the Cullmans and the Township. The Cullmans settled with the Gramlichs, on a joint tortfeasor basis, for the Cullmans' homeowner's policy limit of $400,000.00. A jury trial was held on July 30, 2002 and July 31, 2002 against the Township. At the close of the Gramlichs' case, the Township moved for a directed verdict based on governmental immunity. The trial court granted the motion. The Gramlichs' then filed a motion for post-trial relief and requested a new trial. The trial court denied the motion and entered judgment in favor of the Township based on governmental immunity. This appeal followed.

Initially, we note that the standard for reviewing the validity of a compulsory nonsuit is as follows: " ' [A] nonsuit should be entered *only in a clear case*, and, on appeal from the refusal to take off a compulsory nonsuit, *the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom* and *all conflicts therein must be resolved in favor of plaintiff.* " *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 595–96, 437 A.2d 1198, 1200 (1981) (emphasis in original) (citation omitted). An order denying a motion to remove a compulsory nonsuit will be reversed if it is shown that the trial court abused its discretion or committed and error of law. *Rachlin v. Edmison*, 813 A.2d 862 (Pa.Super.2002).

The Gramlichs raise numerous arguments in support of their appeal, including that the trial court erred in its determination that the streets and real property exceptions to governmental immunity did not apply to their claims. Because our determination on governmental immunity will be dispositive, we address only those issues.[1] In so doing, we are cognizant that

---

1. The Gramlichs' additional issues include: (1) whether the trial court erred when it granted a nonsuit even though disputed issues existed; (2) whether the trial court erred when it determined that the area upon which the hole was located was similar to a sidewalk and, thus, the abutting property owner was primarily liable; (3) whether the trial court erred in determining that the Cullmans owned the property upon which the hole was located; (4) whether the trial court erred in limiting the testimony regarding the Pennsyl-

exceptions to immunity are narrowly construed. *Lory v. City of Philadelphia,* 544 Pa. 38, 674 A.2d 673 (1996).

### A. Streets Exception

Under the governmental immunity provisions, a local agency is generally not liable "for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. One exception to this general immunity, known as the "streets exception," exists where there is

[a] dangerous condition of *streets owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6)(i) (emphasis added.) Thus, under the "streets exception," the Gramlichs must show, first, that the area in which the pipe opening was located is considered a "street" owned by a local agency. This Court has defined the term "street" for purposes of governmental immunity as, "[a] road or public thoroughfare used for travel in an urban area, including the pavement, shoulders, gutters, curbs, and other areas within the street lines." *Granchi v. Borough of North Braddock,* 810 A.2d 747, 749 (Pa.Cmwlth.2002) (quoting Black's Law Dictionary, 1434 (7th ed. 1999)).

The owner of the property abutting a public street continues to have title to the property extending to the center of that street. *Hindin v. Samuel,* 158 Pa.Super. 539, 45 A.2d 370, 372 (1946). Although the public acquires an easement in the public street, the fee of the land remains in the owner subject to the easement. *Id.* The owner then retains the right to use the land for any purpose consistent with the easement. *Id.* In other words, the owner of the land that is being used as a public roadway does not surrender his entire title to the land, but reserves rights above, below, and on the surface that do not interfere with use for the public roadway or other public use. *William Laubach & Sons v. City of Easton,* 347 Pa. 542, 32 A.2d 881 (1943).

This Court has distinguished a "right-of-way" from the paved portion of the street for purposes of the "highway" exception to sovereign immunity. *Babcock v. Commonwealth of Pennsylvania, Department of Transportation,* 156 Pa.Cmwlth. 69, 626 A.2d 672 (1993), *petition for allowance of appeal denied,* 536 Pa. 647, 639 A.2d 33 (1994). In that case, the plaintiff was injured when the car she was driving left the paved highway and struck a log located on the grassy area several feet from the paved surface of the highway, but still within the Commonwealth's right-of-way. The Court deemed this insufficient to bring the case within the highway exception to sovereign immunity stating that the highway was not the same as the right-of-way. A highway, for purposes of sovereign immunity, encompasses the "cartway," that is, the paved and traveled portion of the highway, and the berm or shoulder, the paved portion to either side

vania Department of Transportation's (DOT) standards for maintenance of local roads by municipalities and in determining that its rulings did not control the outcome of the case;

and (5) whether the trial court erred in determining that the Township was not concurrently liable with the Cullmans.

of the actual traveled portion of the road. *Id.*, 626 A.2d at 673 n. 1, not the right-of-way. The Court concluded that the right-of-way off the highway is clearly neither intended to be used nor is regularly used for vehicular travel. *Id.* at 675.[2]

■ In the case *sub judice*, the Township has assumed responsibility for the paved and traveled portion of Myrtle Avenue, *i.e.*, the "street." According to the survey map submitted by the Gramlichs, the Township has a 40 foot wide area that is dedicated to its use for Myrtle Street. (Exhibit P–2.) Therefore, from the center line of Myrtle Street to the end of the right-of-way on the Cullmans' property, the Township has 20 feet of area to use for its purposes. However, the Township does not use the entire right-of-way for the paved portion of the street. The Gramlichs' expert, Joseph Thompson, testified that, from the edge of the paved cartway of East Myrtle Avenue, the Township's right-of-way extended 10 feet. (N.T. Volume II, at 121.) It is in this unpaved area of the right-of way that the Cullmans have their lawn and driveway, including the mailbox and the drainage hole. *See* Exhibit P–3. In order for the mail delivery person to access the mailbox from the vehicle, there is an unpaved area next to the street cut into the lawn where the drainage hole is located. No paved berm or shoulder exists beyond the actual portion of the road traveled by vehicles. Even though the Township has a larger right-of-way than the paved "cartway," it has assumed responsibility only for the paved portion of the street. Based on the above case law, we cannot say that the Township has assumed any responsibility for the maintenance of this portion of the right-of-way. The locale of the drainage hole is not within the parameters of the "street" since it is not located on the paved portion of the right-of-way. Rather, it is part of the Cullmans' driveway and, therefore, part of the unused portion of the Township's right-of-way. Therefore, it is not subject to the street exception in the governmental immunity provision.[3]

2. This conclusion is consistent with the Pennsylvania Department of Transportation's definition of a highway as any part of a way "open to the use of the public for purposes of vehicular travel." 75 Pa.C.S. § 102. DOT's regulations include the term "street" within the definition of "highway." 67 Pa.Code § 211.1. *See also Slough v. City of Philadelphia*, 686 A.2d 62 (Pa.Cmwlth.1996), *affirmed per curiam*, 553 Pa. 673, 720 A.2d 485 (1998) (relying on the definition of highway in the Vehicle Code, 75 Pa.C.S. § 102, in order to determine whether a median was or was not part of the highway for the purposes of governmental immunity.)

3. Additionally, there is no indication in the record that the Gramlichs' satisfied the second part of the test in Section 8542(b), which requires that the Township have notice of the defect. *See Fenton v. City of Philadelphia*, 127 Pa.Cmwlth. 466, 561 A.2d 1334 (1989), *affirmed*, 526 Pa. 300, 585 A.2d 1003 (1991) (concluding that the plaintiff failed to establish an exception to governmental immunity because she offered only proof of a dangerous condition in general, but did not establish that the City had notice of the specific problem of a need for a left-hand turning lane, even though the street had been paved several times by City workers). The Gramlichs argue that the Township had constructive notice of the defect because it repaired similar drainage problems for other property owners within the Township and, because the road had been paved at least one time since 1956, the year the Cullmans bought the property, Township workers would have seen the defect. However, we do not know whether the repairs made to other properties were done pursuant to citizen complaints. Furthermore, it is unreasonable to require a municipality to patrol its streets every day for possible defects created by its citizens that may subject it to liability. Here, *the Cullmans*, not the Township, constructed the drainage system at issue and, thus, created the dangerous condition. Moreover, they were certainly in a far better position to know of both the existence of the system and its potential danger. Therefore,

### B. Real Property Exception

Another exception to government immunity arises where "[t]he care, custody or control of real property [is] in the possession of the local agency...." 42 Pa. C.S. § 8542(b)(3). Under this exception, the key is whether the local agency had *possession* of the property in question. The meaning of possession within the real property exception is total control over the premises. Limited control or mere occupation of the premises for a limited period is insufficient to impose liability. *Sims v. Silver Springs–Martin Luther School*, 155 Pa.Cmwlth. 619, 625 A.2d 1297 (1993). Ownership of the real property is not required for possession to be found. *Sweeney v. Merrymead Farm, Inc.*, 799 A.2d 972 (Pa.Cmwlth.2002).

In *Sims*, the plaintiff sued the defendant municipality following the drowning accident of his son at a swimming pool which the defendant was using pursuant to a contract with the owner. This Court concluded that the defendant did not have possession of the pool for the purposes of Section 8542(b)(3) because the defendant was only responsible for the opening and closing of the pool, collecting admission, and supervising the patrons. The defendant did not own or maintain the pool, nor was it responsible for regular repairs and maintenance. Consequently, this Court concluded that the defendant was merely occupying the pool at the time of the accident and did not have possession.

In the instant case, the Cullmans built and have maintained the drainage hole since 1956, when they bought the property. As abutting property owners, they have used the area in the Township's right-of-way, next to the paved cartway, for their lawn, placement of their mailbox and the drainage pipe. It is undisputed that the Cullmans have maintained, used, and possessed the drainage pipe as their own. Further, the drainage pipe lies outside the paved portion of the street. There is no evidence that the Township has ever exercised any sort of dominion or control over the drainage hole. In fact, the Cullmans never notified the Township of the drainage pipe, nor did they apply for permits to construct or improve the drainage pipe. Consequently, we agree with the trial court that the Township has not "possessed" the real property where the drainage pipe is located and, as a result, the real property exception to governmental immunity does not apply.

Accordingly, we affirm the order of the trial court.

### ORDER

NOW, December 17, 2003, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

---

we determine that the Gramlichs' situation does not fall within the streets exception and

the trial court was correct that they cannot prevail under Section 8542(b)(6).