**DeCola v. PennDOT**

C.P. of Berks County, no. 01-7292.

*Joel L. Frank,* for plaintiff.
*John W. Stahl,* for defendant.

LASH, *J.,* September 17, 2004—The matter before this court is the motion of defendant, Department of Transportation, Commonwealth of Pennsylvania (Penn-DOT), for summary judgment. Specifically, PennDOT claims sovereign immunity pursuant to 1 Pa.C.S. §2310 and 42 Pa.C.S. §8521 et seq. Plaintiff, Jennifer DeCola, claims that the doctrine of sovereign immunity is waived because of an applicable exception, namely, 42 Pa.C.S. §8522(b)(4) relating to a dangerous condition of Commonwealth agency highways. Argument was held on September 8, 2004. For reasons set forth herein, we grant PennDOT's motion and enter summary judgment against plaintiff.

In *Jones v. SEPTA,* 565 Pa. 210, 216, 772 A.2d 435, 438 (2001), the Supreme Court recently restated the standard for granting summary judgment:

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Association Inc.,* 547 Pa. 224, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury.' Pa.R.C.P. 1035.2(2). We [re]view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine is-

sue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (1992)."

For purposes of this motion, plaintiff accepts PennDOT's version of the facts, which is as follows:

On October 11, 1997, when plaintiff was 16 years old and had a driver's license for four days, she was the operator of a motor vehicle on Forgedale Road (S.R. 1021) in Rockland Township, Berks County. While plaintiff was attempting to negotiate an "S" curve, a speeding car heading in the opposite direction traveled close to or partly over the yellow centerlines, causing plaintiff to swerve to the right. Her vehicle went off the road, crossed a gravel driveway and a grassy yard, re-entered the road, rotated 180 degrees counterclockwise, slid out of control and started to roll over. While rolling over, the left side of her car struck a tree stump located three feet outside the right side white pavement edgeline (12 feet, nine inches from the centerline). Plaintiff alleges that her vehicle was damaged by striking the stump and that she was seriously injured.

Forgedale Road, at the accident, is a state-designated highway (known as S.R. 1021 in Berks County) under the jurisdiction of PennDOT. PennDOT's right-of-way at the site of the accident is 33 feet wide, or 16 1/2 feet on each side of the centerline. Forgedale Road has one lane in each direction and no shoulders. The opposing lanes are separated by a double yellow line. It is posted with a 45 MPH speed limit.

For the sake of this argument, we also accept as true that the tree stump involved in the accident was within

the right-of-way held by PennDOT on Forgedale Road. Secondly, we accept that PennDOT had actual or constructive knowledge of the stump.

As stated, plaintiff is relying on 42 Pa.C.S. §8522(b) (4) as the basis for waiver of immunity. That section provides, in pertinent part:

"(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . . .

"(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, . . . ."

Plaintiff's theory on negligence is that the impact of plaintiff's vehicle with the stump caused plaintiff's injuries, that the stump, being located within the right-of-way of PennDOT, was within PennDOT's control, that the stump should have been removed by PennDOT prior to the accident taking place, and that PennDOT's failure to remove the stump manifested a dangerous and hazardous condition so as to make the highway and right-of-way dangerous for vehicular traffic. Under this theory, for plaintiff to establish a waiver of immunity, the term "highway," contained in section 8522(b)(4), would have to be broadly defined to include the right-of-way, even

though the right-of-way is not paved or open to vehicular traffic.

Appellant precedent holds otherwise. In the case of *Babcock v. PennDOT,* 156 Pa. Commw. 69, 626 A.2d 672 (1993), the Commonwealth Court distinguishes right-of-way from the paved portion of the street for purposes of section 8522(b)(4). In *Babcock,* the plaintiff was injured after her car left the paved highway and struck a log located on a grassy area several feet from the paved surface of the highway, within PennDOT's right-of-way. In affirming summary judgment against the plaintiff, the Commonwealth Court stated:

"*Babcock* has cited no authority that indicates that PennDOT must maintain all property within its right-of-way in a condition which renders it safe for car travel. To accept *Babcock*'s argument would place the intolerable burden upon PennDOT of forcing it to maintain any property within its unopened right-of-way in a condition allowing safe car travel. The right-of-way off the highway or cartway is clearly neither intended to be used nor is regularly used for vehicular travel." 156 Pa. Commw. at 75, 626 A.2d at 675.

In *Gramlich v. Lower Southampton Township,* 838 A.2d 843 (Pa. Commw. 2003), citing *Babcock,* the Commonwealth Court ruled that a highway, for purposes of sovereign immunity, encompasses the "cartway," that is, the paved and traveled portion of the highway, and the berm or shoulder, the paved portion to either side of the actual traveled portion of the road, not the right-of-way. The right-of-way off the highway is clearly neither intended to be used nor is regularly used for vehicular travel. 838 A.2d at 846-47.

We note also that under *Babcock,* citing *Snyder v. Harmon,* 522 Pa. 424, 433, 562 A.2d 307, 311 (1989), the exception is not applicable because the stump did not cause the injury. The Commonwealth Court set forth:

"For the real estate exception to sovereign immunity to apply, our Supreme Court opined that the dangerous condition must cause the injury and 'must derive, originate from, or have as its source the Commonwealth realty.' *Snyder v. Harmon,* 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). The exception will not apply where the injury is merely 'facilitated' by the dangerous condition of the real estate and not caused by it. . . . Here, it is obvious that the tree or log did not cause the accident, but at most may have facilitated the injury or caused further injury. The accident was caused by the car leaving the road and shoulder, striking the embankment and overturning. Clearly, a log lying on the ground could not have injured Babcock unless her car had first slid off the highway, overturned and then slid further off the shoulder into the embankment." 156 Pa. Commw. at 74, 626 A.2d at 674.

Similarly, the injuries to plaintiff were caused by the negligence of the driver of the oncoming vehicle, plaintiff herself, or both individuals, for plaintiff's vehicle would never have hit the stump if she had not lost control of her vehicle and left the paved portion of the highway, eventually colliding with the stump.

Plaintiff urges that the *Babcock* holding does not establish a per se rule that the duty of PennDOT does not extend from the cartpath into the right-of-way, but rather these decisions should be handled on a case-by-case ba-

sis. In support, plaintiff cites *Patton v. PennDOT,* 669 A.2d 1090 (Pa. Commw. 1996), *reversed on other grounds,* 546 Pa. 562, 686 A.2d 1302 (1997). In *Patton,* the plaintiff's decedent was killed when a large tree limb overhanging the state highway on which she traveled, fell onto her car. The presence of the tree limb constituted a dangerous and hazardous condition due to the topping of the tree and the disproportionate size of the limb.

The *Patton* case is distinguishable. The oversized limb, by its presence directly above the highway, compromised the safety of the highway itself and constituted a dangerous condition to anyone traveling at that location. PennDOT was charged with maintaining the safety of the highway, and its failure to remove the tree branch prior to the accident was the type of negligence for which immunity was waived by section 8522(b)(4). Conversely, the presence of the stump could not and did not affect the safety of any motorist traveling on Forgedale Road. The stump only became a factor in plaintiff's injuries after she exited the highway.

Accordingly, we enter the following order:

## ORDER

And now, September 17, 2004, upon consideration of the motion of defendant, Department of Transportation, Commonwealth of Pennsylvania, for summary judgment, response by plaintiff, briefs filed by the parties, and after argument held, defendant's motion is hereby granted. Judgment is entered in favor of defendant, Department of Transportation, Commonwealth of Pennsylvania, and against plaintiff, Jennifer DeCola.