**Mayer v. Verizon-Pennsylvania**

*Paul A. Lauricella,* for plaintiff.
*John P. Hartley,* for defendant Verizon-Pennsylvania.
*John W. Stahl,* for additional defendant PennDOT.

LASH, *J.,* January 22, 2010—The matter before this court is the motion of additional defendant, Pennsylvania Department of Transportation (PennDOT), for summary judgment. Specifically, PennDOT claims sovereign immunity pursuant to 1 Pa.C.S. §2310 and 42 Pa.C.S. §8521 et seq. Defendant, Verizon-Pennsylvania a/k/a Bell Atlantic (Verizon), argues that the doctrine of sovereign immunity is waived because of an applicable exception, namely, 42 Pa.C.S. §8522(b)(4), relating to a dangerous condition of Commonwealth agency highways. Plaintiff, Brent J. Mayer, as administrator of the estate of Dorothy I. Mayer, deceased, and in his own right, does not oppose PennDOT's motion. Argument was held on January 19, 2010. For reasons set forth herein, we grant PennDOT's motion and enter summary judgment against Verizon.

According to the record, plaintiff's decedent, Dorothy I. Mayer, was the operator and sole occupant of an automobile and was travelling northbound on SR 29 in Hereford Township, Berks County, Pennsylvania, when

she lost control of the automobile, and struck a wooden utility pole off the right side of SR 29. The road was snow covered. The decedent suffered fatal injuries as a result of the crash.

Plaintiff sued Verizon and defendant, Metropolitan Edison/First Energy Corporation,[1] alleging, among other things, that the named defendants were careless and negligent regarding the placement and management of the utility pole struck by the decedent. Specifically, plaintiff alleged that the defendants committed the following negligent acts:

"(a) Failure to ensure compliance with guidelines regarding utility pole placement, management, and/or design, including the:

"(i) *1977 Guide for occupancy of highway R/W by above-ground electric & telecommunications utilities;*

"(ii) (PennDOT) highway right-of-way policies;

"(iii) PUC-(PennDOT) policies regarding utility poles;

"(iv) (PennDOT's) design and utility relocation manuals; and

"(v) U.S. recommendations regarding pole designs;

"(b) Failure to ensure the utility pole at issue in this lawsuit—particularly one placed at a bend in a State Route—was not so close to the road as to be a hazard

---

1. By agreement of the parties, the action against Metropolitan Edison/First Energy Corporation was discontinued, an order being entered on May 6, 2006.

when a car veers off of the road due to adverse weather conditions;

"(c) Failure to ensure that the utility pole was of such a design that it was flexible enough to break, and absorb the energy from a crash, rather than forcing all of the energy from the crash to be directed onto the vehicle and occupant of the striking vehicle;

"(d) Failure to ensure that the utility poles under its ownership, control, or right of control were not a hazard to motorists."

In due course, Verizon joined PennDOT and Hereford Township as additional defendants. Verizon alleged that PennDOT, through its comprehensive utility pole safety plan, provides a detailed process in which PennDOT analyzes the utility pole placement and advises utilities on whether the poles are placed in an acceptable location based on the available right-of-way and accident statistics for the area. Utilities such as Verizon are required to obtain approval from PennDOT to place the utility pole in a "public right-of-way." Therefore, PennDOT has the "ultimate authority" in determining the utilization of public right-of-ways.

Verizon further alleges that PennDOT breached the aforesaid obligations to Verizon and, ultimately, to motorists travelling on SR 29 by failing to ascertain and notify Verizon of the unsafe position of the pole which was struck by plaintiff's decedent. Verizon alleges that it was reasonable in relying upon PennDOT to fulfill its obligations. Accordingly, if the placement of the utility pole was improper, and the placement resulted in dam-

ages to the plaintiff, these damages were caused by PennDOT's negligence.

Regarding sovereign immunity, Verizon contends that the placement of the utility pole and PennDOT's responsibilities regarding same fall within the concept of "roadway design." Under the provisions of the Sovereign Immunity Act, roadway design is a theory of liability for which immunity has been waived. Accordingly, Verizon contends the motion for summary judgment should be denied.

In *Jones v. SEPTA,* 565 Pa. 211, 216, 772 A.2d 435, 438 (2001), the Supreme Court restated the standard for granting summary judgment:

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Association Inc.,* 547 Pa. 224, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury.' Pa.R.C.P. 1035.2(2). We review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (1992)."

Under governmental immunity provisions of the Sovereign Immunity Act, an agency of the Commonwealth

cannot be held liable in a negligence action.[2] PennDOT is considered a Commonwealth agency for purposes of the Sovereign Immunity Act. *Mullin v. PennDOT,* 582 Pa. 127, 136, 870 A.2d 773, 779 (2005).

However, the general assembly has provided for a waiver of sovereign immunity if the acts which may impose liability falls within one of nine enumerated exceptions set forth in 42 Pa.C.S. §8522(b) and if the damages arise "out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity."[3]

The exception relied upon by Verizon is known as the "highway exception" and is set forth in 42 Pa.C.S. §8522(b)(4) which provides, in pertinent part:

"(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . . .

"(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, . . . ."

---

2. 1 Pa.C.S. §2310 and 42 Pa.C.S. §8521.

3. 42 Pa.C.S. §8522(a).

Pursuant to the highway exception, PennDOT may be held liable for a negligent breach of its duty to properly design, construct, and maintain highways. We note, however, that case law has limited the definition of highways to include only the paved portion of the highway and the berm or shoulder, and not to include the remainder of the right-of-way controlled by PennDOT. In *Babcock v. PennDOT,* 156 Pa. Commw. 69, 626 A.2d 672 (1993), a plaintiff was injured after her car left the paved highway and struck a log located on a grassy area several feet from the paved surface of the highway, within PennDOT's right-of-way. In affirming summary judgment against the plaintiff, the Commonwealth Court stated:

"Babcock has cited no authority that indicates that PennDOT must maintain all property within its right-of-way in a condition which renders it safe for car travel. To accept Babcock's argument would place the intolerable burden upon PennDOT of forcing it to maintain any property within its unopened right-of-way in a condition allowing safe car travel. The right-of-way off the highway or cartway is clearly neither intended to be used nor is regularly used for vehicular travel." *Id.,* 156 Pa. Commw. at 75, 626 A.2d at 675.

In *Gramlich v. Lower Southampton Township,* 838 A.2d 843 (Pa. Commw. 2003), citing *Babcock,* the Commonwealth Court ruled that a highway, for purposes of sovereign immunity, encompasses the "cartway," that is, the paved and traveled portion of the highway, and the berm or shoulder, the paved portion to either side of the actual travelled portion of the road, not the right-of-way.

The right-of-way off the highway is clearly neither intended to be used nor is regularly used for vehicular travel. *Id.,* 838 A.2d at 846-47.

PennDOT cannot be held liable in this case. Initially, we find that no facts are alleged by any party claiming that PennDOT was negligent in its construction or maintenance of SR 29. While it is alleged that there was a snow and ice condition that may have been a factor in the accident, we agree with PennDOT that it has no duty under the law to clear a highway or otherwise provide maintenance for the removal of ice and snow to protect motorists. *Kahres v. Henry,* 801 A.2d 650 (Pa. Commw. 2002), *appeal denied,* 573 Pa. 669, 820 A.2d 706 (2003).

We also find that Verizon cannot rely upon the purported "design defect" in the highway as a basis for a waiver of immunity. Verizon's theory requires some explanation because it is not based on an improper design of the roadway itself. Rather, Verizon contends that the placement of the utility pole, considering its proximity to SR 29 and the physical characteristics of SR 29, including the width of the road and the shoulder, the curves in the road, and so forth, creates a hazardous condition.

This relationship between the placement of the utility pole and the roadway was discussed by Verizon's expert in his report and is the basis for his theory of liability known as the "clear zone" concept. This concept assumes that, despite the best efforts of engineers and roadway designers, motorists will leave the roadway for many reasons, including driver error, falling asleep, driving

under the influence, or weather conditions. These are foreseeable factors which should be recognized. Accordingly, a clear zone permitting motorists to leave the road without incident should be considered in the design of a roadway.

As already set forth, and reiterated in the case of *Pritts v. PennDOT,* 969 A.2d 1 (Pa. Commw. 2009), a case where PennDOT's obligation to keep the area adjacent to the highway clear of hazards based on the clear zone doctrine was also raised, the Commonwealth Court affirmed the judgment of the common pleas court, setting forth that the waiver of immunity under the highway exception only extends to PennDOT's duty of care "to maintain the highway, *i.e.,* the paved cartway and adjacent berm in a safe condition for the intended and foreseeable use of vehicular travel. This duty does not extend to hazards not located on the highway." *Id.,* 969 A.2d at 4. As is clear, the utility pole involved was not located on the paved cartway or adjacent berm.

Verizon has also failed to present sufficient facts to establish any duty on PennDOT's part in this case. For one, contrary to Verizon's assertions in its joinder complaint, the utility pole is not located within PennDOT's right-of-way, but outside the right-of-way, located in an area outside of PennDOT's control. Secondly, nothing in the record establishes that PennDOT had any involvement in the placement of this pole, any notice that the pole was being placed, or any notice that any prior accidents at the site had occurred. For these reasons as well, Verizon cannot sustain its claim against PennDOT. Accordingly, we enter the following order:

## ORDER

And now, January 22, 2010, upon consideration of the motion of additional defendant, PennDOT, for summary judgment, response thereto, briefs filed by the parties, review of the record, and after argument held, summary judgment is granted. Judgment is entered in favor of additional defendant, PennDOT, and against defendant, Verizon-Pennsylvania a/k/a Bell Atlantic.