J-S34010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISMAEL KH'BIN, | |
| Appellant | No. 1801 MDA 2014 |

Appeal from the PCRA Order October 3, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000884-2011
CP-38-CR-0000887-2011

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 22, 2015**

Ismael Kh'bin appeals from the October 3, 2014 order denying PCRA relief.  We affirm.

A jury convicted Appellant of rape, involuntary deviate sexual intercourse ("IDSI"), and indecent assault on January 10, 2012.  The trial court convicted Appellant of two counts of driving under the influence and various summary offenses.  The charges arose out of events that occurred on March 11 and 12, 2011, and can be briefly summarized as follows.

Pennsylvania State Police arrived at the scene of a one-car accident in the early morning hours of March 12, 2011.  There were two occupants of the vehicle but Appellant admitted to police that he was the one who was driving when the crash occurred.  When Appellant reluctantly exited the

vehicle at the direction of police, he had difficulty standing. The officer testified that Appellant was swaying, his eyes were bloodshot and glassy, and a strong odor of alcohol emanated from him. The officer conducted a field sobriety test but the test was terminated prior to completion when Appellant was too impaired to perform some of the tasks safely. Appellant registered a .122 blood alcohol level on a breath test performed at 5:13 a.m.

The passenger in the vehicle was Appellant's grandson, who by all indications had also been drinking. Approximately five days after the incident, the victim told his grandmother and his probation officer that Appellant had sexually assaulted him in the car following the accident. He stated that he would not have reported the incident except that Appellant was living with the victim's younger cousins, and he was concerned for their well-being. The victim further testified that, after consuming alcohol, he fell asleep in the back of the vehicle. He was awakened by Appellant performing *fellatio* on him.

On April 25, 2012, Appellant was sentenced to eight to twenty years incarceration. He timely appealed and challenged the sufficiency and weight of the evidence. In addition, he alleged that the trial court erred in two respects: by denying trial counsel's request to cross-examine the victim regarding his juvenile adjudication for indecent assault and by telling the jury pool during *voir dire* that the charges were "unpleasant." **See Commonwealth v. Kh'bin**, 82 A.3d 456 (Pa.Super. 2013) (unpublished

memorandum at 10). Finally, Appellant claimed that the Commonwealth "prejudicially and maliciously used his sexual orientation to prejudice the jury." *Id*. This Court affirmed judgment of sentence.

Appellant filed the present PCRA petition, his first, on May 14, 2014, and counsel was appointed. The Commonwealth filed a response to the petition. At an evidentiary hearing on July 11, 2014, Appellant testified via video teleconference from state prison. In response to questioning from PCRA counsel, Appellant claimed that the trial court erred in refusing to permit trial counsel to introduce evidence of the victim's juvenile adjudication for indecent assault. N.T., 7/11/14, at 5. He further maintained that the victim's allegations against him so closely mirrored the accusations lodged against the victim in that juvenile proceeding as to suggest that the allegations herein were fabricated. *Id*. at 6. More specifically, Appellant pointed out that the victim in this case stated that he was asleep at the time of the assault; the female victim in the juvenile adjudication also stated she was asleep and not conscious of what was happening. The trial court declined to permit such testimony under the Rape Shield statute. Although Appellant appealed that ruling, he alleged herein that he was not afforded relief because the discussion had not been placed on the record. Appellant testified that trial counsel waived the issue by failing to preserve the record, and that the issue was important to his case. *Id*. at 7.

Trial counsel, Public Defender Nicholas Sidelnick, confirmed that there was a meeting in chambers to discuss the evidentiary issue involving the victim's juvenile indecent assault adjudication. Counsel asked that he be permitted to question the victim regarding his prior delinquency adjudication on an indecent assault charge because in that case, as in Appellant's case, a sexual assault was alleged to have occurred when the victim was unconscious. Counsel argued in chambers that the instant victim was drawing from his life experience to fabricate the allegations in this case. The trial court denied the motion. Counsel asserted this ruling as error in a timely post-sentence motion; the trial court denied relief. However, the record does not contain the substance of the discussion.

Appellant also alleged that trial counsel was ineffective because he waived the recording of the *voir dire* process. He testified that he was not consulted prior to counsel's decision. Furthermore, Appellant maintained that he could not recall the process of striking various jurors and suggested that he was not present in the room when trial counsel waived the recording. *Id*. at 12. Due to counsel's waiver, Appellant maintained, there was no record of the trial court's comment regarding the "unsavoriness of the case" or words to that effect, which Appellant deemed prejudicial due to its foreclosure of appellate review. *Id*. at 8.

Regarding the waiver of the recording of *voir dire*, trial counsel testified that Appellant was present and did not object. *Id*. at 16. Had

Appellant objected, counsel testified that he would not have waived the recording. *Id*. Counsel testified further that he did not find objectionable the trial court's comment during *voir dire* about the unpleasantness of rape allegations and that Appellant did not say anything to him when the comment was made. *Id*. at 21.

Finally, Appellant generally criticized counsel for waiving transcription of the opening statements and closing arguments. *Id*. at 7. Trial counsel denied that he waived the recording of opening or closing statements. He confirmed that he had filed a written request for the transcripts of the trial and the sentencing hearing, and that request was admitted into evidence. *Id*. at 17; Exhibit 1. Counsel testified that he did not hear anything objectionable in the prosecutor's arguments and that Appellant expressed his concerns for the first time on April 25, 2012, the day prior to sentencing. *Id*. at 22.[1]

The PCRA court ordered the parties to brief the issues within thirty days of receipt of the transcript of the hearing, and on October 3, 2014, the court issued an order and opinion denying PCRA relief. Appellant filed the

---

[1] The Commonwealth introduced the order and opinion of the trial court dated September 10, 2012, which specifically addressed Appellant's pretrial motion regarding the victim's and prior juvenile adjudication and finding that indecent assault adjudication irrelevant to the proceeding and more prejudicial to the victim than probative. *Id*. at 10; *see* Exhibit 2. The Commonwealth also offered this Court's memorandum opinion on direct appeal denying relief as Exhibit 3.

within appeal, complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the PCRA court issued its Rule 1925(a) opinion.

Appellant raises three issues on appeal:

1. Whether the trial court erred when it denied Defendant's use of the alleged victim's juvenile adjudication where there was similarity between the alleged victim's adjudication and the allegations made against the Defendant?

2. Whether trial counsel was ineffective for failing to have *voir dire* recorded and subsequently transcribed where the trial court made a prejudicial comment against the Defendant to the potential jurors?

3. Whether trial counsel was ineffective for failing to have the opening and closing arguments of the trial recorded and subsequently transcribed where the prosecution made a prejudicial comment against Defendant to the jurors?

Appellant's brief at 4.

In reviewing PCRA appeals, we view the evidence "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014). Our "review is limited to the findings of the PCRA court and the evidence of record[.]" ***Id***. Additionally, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." ***Id***. In this respect, we will not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id***. However, we afford no deference to its legal conclusions. ***Id***. "[W]here the petitioner raises

questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Id***.

First, Appellant assails the trial court's pre-trial ruling on the inadmissibility of the victim's juvenile delinquency adjudication. The identical argument was advanced on direct appeal, ***see Commonwealth v. Kh'bin***, ***supra***, but this Court was hampered in its ability to review the claim since the in-chambers discussion of the issue had not been recorded. Nonetheless, this Court also noted the claim was underdeveloped because Appellant failed to cite to relevant authority or discuss the admissibility of the adjudication in light of the Rape Shield Law. ***Id***. at 11.

At the PCRA hearing, Appellant maintained that he was unable to effectively appeal the Rape Shield issue because "his attorney waived those issues by not having a transcript." ***Id***. at 7. Although Appellant arguably asserted ineffective assistance of counsel that would have permitted collateral review of this issue, his appellate brief does not contain any argument regarding counsel's ineffectiveness in this regard or provide any legal support for that allegation.[2] Thus, this ineffectiveness claim is waived. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (an appellate brief that fails "to provide any discussion of a claim with citation to

_____

[2] We note that Appellant did not argue in his brief filed with the PCRA court that counsel was ineffective in failing to ensure that the in-chambers discussion was recorded and transcribed to enable appellate review.

relevant authority or fails to develop the issue in any other meaningful fashion capable of appellate review" results in waiver).

Appellant's two remaining issues involve ineffective assistance of counsel claims. We discussed the law regarding an ineffectiveness claim in **Commonwealth v. Stewart**, 84 A.3d 701 (Pa.Super. 2013) (*en banc*). In order to plead and prove ineffective assistance of counsel, the petitioner must establish that: (1) "the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Id**. at 706. "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." **Id**. at 707.

In deciding whether counsel had a reasonable strategy for his action or inaction, the test is "whether no competent counsel would have chosen that action or inaction," or whether another alternative not chosen "offered a significantly greater potential chance of success." **Id**. Finally, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." **Id**. A reasonable probability is one "sufficient to undermine confidence in the outcome." **Id**.

Both issues involve allegations that trial counsel was ineffective for failing to ensure that portions of the trial proceedings were recorded and available later for transcription. For purposes of our analysis, we will

assume that counsel had no reasonable strategic basis for foregoing the recording.

Appellant contends first that trial counsel was ineffective for failing to have the *voir dire* recorded and later transcribed. According to Appellant, the trial court made a prejudicial remark to potential jurors. The PCRA court determined that the underlying claim lacked arguable merit and that Appellant was not prejudiced by the remark. It relied upon its earlier finding that, "It would be hard to find a person who would consider listening to facts concerning sexual offenses to be pleasant[,]" and characterized its comment as a "benign observation." Trial Court Opinion, 9/10/12, at 18-19. On direct appeal, this Court agreed with that reasoning. **See Kh'bin**, **supra** at 12.

We note at the outset that Appellant wholly fails to demonstrate that his underlying claim is of arguable merit. Appellant even neglects to apprise this Court of the substance of the alleged objectionable remark. It is only after a thorough review of the record and this Court's memorandum opinion on direct appeal that we were able to glean that Appellant is referring to a comment allegedly made by the court to the jury pool that the charges in this case were unpleasant. Moreover, we find nothing about the trial court's comment that rises to the level of prejudice required for PCRA relief, and Appellant does not cite any authority to the contrary. This claim fails.

Finally, Appellant claims that trial counsel was ineffective in waiving the recording of opening and closing arguments, thus precluding a meaningful appeal of his claim that the prosecution made an unsavory comment about him in front of the jury both during opening and closing remarks. Counsel testified at the PCRA evidentiary hearing that he did not waive the recording of the opening and closing statements, and that he specifically requested the transcripts of the trial, representations that are supported by the record. N.T., 7/11/14, at 16-17. Moreover, trial counsel testified that he did not hear anything objectionable in the prosecutor's argument and there is no indication that any objections were placed on the record during the opening and closing arguments. *Id*. at 22.

Appellant's argument in support of his claim is so thoroughly undeveloped and devoid of legal authority as to result in waiver of the issue. *See Johnson*, *supra*. Had Appellant objected or sought a mistrial on this basis, he would have had the burden of demonstrating that the prosecutor's remarks constituted reversible error, *i.e.*, the effect of forming in the minds of the jury "a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Tedford*, 969 A.2d 1, 33 (Pa. 2008). Appellant has failed to make even a colorable showing of arguable merit or prejudice that would entitle him to relief.

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2015