**Florence GRANCHI, Appellant,**

v.

**BOROUGH OF NORTH BRADDOCK, and North Braddock Volunteer Fire Department.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 2002.
Decided Nov. 19, 2002.

Thomas J. Lowery, Pittsburgh, for appellant.

Kathleen Smith–Delach, Washington, for appellees.

Before: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal from summary judgment against an injured plaintiff and in favor of a volunteer fire department, we are asked: "when is a street not a street?" We hold, for purposes of immunity under the Political Subdivision Tort Claims Act (Act),[1] a street remains a street despite temporary cessation of vehicular traffic.

Florence Granchi (Granchi) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) granting North Braddock Volunteer Fire Department's (Fire Department) motion for summary judgment.

Granchi was injured while volunteering at a Fire Department fundraiser held on a blocked off public street of which the Fire Department had taken temporary control. While retrieving bingo cards from what normally was the middle of the roadway, Granchi tripped over a box[2] protruding from underneath a table and was injured.

Granchi sued two local agencies, the Fire Department and the Borough of North Braddock (Borough). *See Guinn v. Alburtis Fire Co.*, 531 Pa. 500, 614 A.2d 218 (1992)(fire department is a local agency under the Act, even if it is not engaged in fire fighting duties). *See also Kniaz v. Benton Borough*, 164 Pa.Cmwlth. 109, 642 A.2d 551 (1994). Both defendants filed motions for summary judgment claiming immunity under the Act. The trial court initially granted only the Borough's motion, but, on motion to reconsider, also granted the Fire Department summary judgment. Granchi appeals that order.[3]

In order to succeed, Granchi must avoid the immunity generally shielding local agencies from liability. There is an exception to immunity for streets and sidewalks,[4] but it does not apply to the Fire

1. 42 Pa.C.S. §§ 8541–8564. Section 8541 states in pertinent part: "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

2. The box was wooden or cardboard and was placed under the table earlier in the night by a firefighter to be used as a trash receptacle.

3. Our scope of review is plenary. We are limited to determining whether the trial court made an error of law or abused its discretion. The record must be viewed in the light most favorable to the non-moving party in the trial court, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Jones v. Southeastern Pennsylvania Transp. Auth.*, 565 Pa. 211, 772 A.2d 435 (2001).

4. 42 Pa.C.S. § 8542 states in pertinent part (with emphasis added):

* * *

(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

* * *

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. *As used in this paragraph, "real property" shall not include:*

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) *streets;* or

(iv) *sidewalks.*

* * *

(6) *Streets.*—

(i) *A dangerous condition of streets owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condi-

Company.[5] Therefore, Granchi seeks benefit from a different exception to immunity.

■ In particular, she attempts to establish the Fire Company's liability under the care, custody and control of real property exception to immunity.[6] Unfortunately for Granchi, streets are specifically excluded from the real property exception to immunity. Thus, Granchi contends that the street was not being used as a street at the time of her injury and that the street exception should not apply here.

■ While local agencies are generally immune from suit, liability may be imposed where (1) damages would be recoverable at common law or under a statute creating a cause of action if the injury were caused by a person not protected by immunity, and (2) the claim falls within one of the statutory exceptions to governmental immunity in Section 8542(b) of the Act. *Wilson v. Norristown Area Sch. Dist.*, 783 A.2d 871 (Pa.Cmwlth.2001).

■ "Because the legislature's intent in both the Sovereign Immunity Act and Tort Claims Act is to shield government from liability, except as provided for in the statutes themselves, we apply a rule of strict construction in interpreting these exceptions." *Jones*, 565 Pa. at 220, 772 A.2d at 440. As with any statutory construction question, the rules set forth in the Statutory Construction Act dictate that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa. C.S. § 1903. Webster's Dictionary[7] defines a street as "a thoroughfare especially in a city, town, or village that is wider than an alley or lane and that usually includes sidewalks; the part of a street reserved for vehicles; a thoroughfare with abutting property." Likewise, Black's Law Dictionary[8] defines a street as "[a] road or public thoroughfare used for travel in an urban area, including the pavement, shoulders, gutters, curbs, and other areas within the street lines."

Under these definitions, and in common usage, the presence of vehicular traffic is not dispositive in transforming a strip of asphalt into a "street;" the thoroughfare is a street because of its physical characteristics, location, primary and intended use,

---

tion at a sufficient time prior to the event have taken measures to protect against the dangerous condition.

(ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:

(A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets and the contract either:

(i) had not expired or been otherwise terminated prior to the occurrence of the injury; or

(ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.

(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

5. The Fire Department does not own the street. Further, the box did not constitute a dangerous condition that originated, derived, or had as its source the street. *Jones*.

6. 42 Pa.C.S. § 8542(b)(3).

7. Merriam–Webster's Collegiate Dictionary, Tenth Edition (2001).

8. Black's Law Dictionary, Seventh Edition (1990).

and legal descriptions of record. Since streets are specifically excluded from the real property exception, Granchi's claim cannot proceed.

Rights and responsibilities relating to streets arise as a matter of real property law. These rights and responsibilities exist independent of the presence or absence of vehicles, pedestrians, organized race participants, protest marchers, parades, vendor wagons or other moveable objects. These rights and responsibilities are relatively fixed and predictable. It would be unwise to adopt a fiction that would permit fluctuations in the rights and responsibilities for streets based on temporary use.

Accordingly, the trial court's order granting summary judgment is affirmed.

### ORDER

AND NOW, this 19th day of November, 2002, the order of the Court of Common Pleas of Allegheny County granting summary judgment is affirmed.