**Pete LEVENTAKOS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SPYROS PAINTING), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 12, 2013.
Decided Dec. 5, 2013.

Walter J. Nalducci, III, Pittsburgh, for petitioner.

Amy J. Andrews, Wexford, for respondent Spyros Painting.

BEFORE: PELLEGRINI, President Judge and LEAVITT, Judge and FRIEDMAN, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Pete Leventakos (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) dismissing his Petition for Review of Utilization Review Determination (UR Petition) for lack of jurisdiction. For the reasons that follow, we affirm the Board.

On October 11, 1983, Claimant sustained injuries to his left heel and right knee during the course of his employment as a bridge painter for Spyros Painting (Em-

ployer) and began collecting disability benefits. In 1992, Claimant permanently relocated from the United States to his native country of Greece, and many years later, in 2008, a WCJ suspended Claimant's weekly compensation benefits, effective June 30, 1992, based on his voluntary removal from the workforce.

In December 2010, Employer filed a Utilization Review (UR) request seeking review of Claimant's treatment in Greece with Athanasopoulos Ioannis, M.D. (Dr. Ioannis) from November 5, 2010, and ongoing.[1] By letter dated December 13, 2010, the Utilization Review Organization (URO), De Novo Management, instructed Dr. Ioannis to submit his treatment records and advised him that a summary of his treatment could not be considered in lieu of records. After the URO contacted Dr. Ioannis by telephone and again requested his treatment records, he provided the URO with a treatment summary, entitled "Medical Expert Opinion." The URO then sent the UR to George Ritz, M.D. (Dr. Ritz) for review, but did not forward the treatment summary provided by Dr. Ioannis. In a telephone conversation on

February 7, 2011, Dr. Ioannis discussed his treatment of Claimant with Dr. Ritz, but informed him that there are no medical records available documenting his treatment. Dr. Ritz then issued a UR Determination concluding that any and all treatment from November 5, 2010, and ongoing is not reasonable or necessary due to the lack of documentation.[2]

Claimant then appealed that determination and before the WCJ, Claimant did not appear or submit documentary evidence. The Bureau of Workers' Compensation (Bureau) submitted Dr. Ritz's UR Determination into evidence. Employer submitted an affidavit of Georgine Jorda, the owner of De Novo Management, who sent the letter to Dr. Ioannis requesting his treatment records. The Bureau and Employer jointly submitted an "International URO Documentation Log" detailing the URO's efforts to obtain Dr. Ioannis' treatment records. The WCJ denied the UR Petition, concluding that, although Dr. Ioannis provided a summary of his treatment, she lacked jurisdiction because he failed to submit any medical records to the URO.[3] The WCJ explained that she found

---

1. Section 306(f.1)(6)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6)(i), provides, in relevant part, that "[t]he reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer."

2. 34 Pa.Code § 127.464, "Effect of failure of provider under review to supply records," provides, in relevant part:

   (a) If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or necessary, if the conditions set forth in subsection (b) have been met.

(b) Before rendering the determination against the provider, a URO shall do the following:
   (1) Determine whether the records were mailed in a timely manner.
   (2) Indicate on the determination that the records were requested but not provided.
   (3) Adequately document the attempt to obtain records from the provider under review, including a copy of the certified mail return receipt from the request for records.

3. In making that determination, the WCJ relied on *County of Allegheny (John J. Kane Center–Ross) v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222 (Pa.Cmwlth. 2005), and *Stafford v. Workers' Compensation Appeal Board (Advanced Placement Services)*, 933 A.2d 139 (Pa.Cmwlth.2007). *Geisler* held that a WCJ lacked jurisdiction to consider the merits of a UR Determination where the matter was never assigned to a reviewer because the provider did not submit any medical rec-

"no basis for an exception because the provider is out of the country" or because of the alleged "foreign 'convention'" that medical records are not kept in Greece. (WCJ's September 29, 2011 Decision at 2, Finding of Fact No. 6).

■ Claimant then appealed to the Board, which affirmed, explaining that "an 'after the fact' summary prepared only for purposes of the utilization review has not served to 'preserve the memory' of any information, and therefore does not constitute a record appropriate for review." (Board's November 7, 2012 Opinion at 5). In arriving at that conclusion, the Board, noting that the term "record" is not defined in the Act or the regulations, relied upon *Random House Webster's College Dictionary,* 1126 (1st ed. 1991), which defines "record" as "an account in writing or the like preserving the memory or knowledge of facts or events." (*See* Board's November 7, 2012 Opinion at 4–5.)[4] The Board also rejected Claimant's argument that an exception should be made because he is living in a foreign country where medical records are allegedly not maintained. This appeal by Claimant followed.[5]

On appeal, Claimant argues that the Board erred in affirming the WCJ's determination because nothing in the Act, regulations or dictionary definition relied upon by the Board requires a "record" to be in writing, and, therefore, Dr. Ioannis' oral account of Claimant's treatment did, in fact, constitute a "record," especially given the special circumstances of this case.

■ Despite the fact that Dr. Ioannis provided an oral account and written summary of Claimant's treatment to the reviewer, which was more than the provider submitted in *Stafford,* we nonetheless agree with the Board that the WCJ lacked jurisdiction because none of that information can be considered a "record" appropriate for review. First, with respect to the written treatment summary, as Employer notes in its brief, the Bureau's instructions to UROs and reviewers specifically provide that summaries prepared by a provider for purposes of utilization review "are not to be considered or mentioned by the Reviewer as part of the review or determination report." (Employer's Brief, Exhibit A).[6] Dr. Ioannis' summary was clearly prepared solely for the purpose of utilization review and not to "preserv[e] the memory or knowledge of facts or events" because it was not made contemporaneously with Claimant's treatment. Accordingly, the treatment sum-

ords. *Stafford* held that a WCJ lacked jurisdiction where the matter was assigned to a reviewer who prepared a summary report concluding that treatment was not reasonable and necessary because no medical records were provided.

4. Where a term is not defined, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a); *P.R. v. Pennsylvania Department of Public Welfare,* 759 A.2d 434, 437 (Pa.Cmwlth.2000). In ascertaining the common and approved usage or meaning, a court may resort to the dictionary definitions of the terms left undefined by the legislature. *Id.*

5. Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger),* 38 A.3d 1037, 1042 n. 3 (Pa. Cmwlth.2011).

6. The Board's interpretation of its own regulation must be given deference and may only be disregarded if it is clearly erroneous or inconsistent with the statute under which the regulation being interpreted was promulgated. *Stanish v. Workers' Compensation Appeal Board (James J. Anderson Construction Co.),* 11 A.3d 569, 575–76 (Pa.Cmwlth.2010).

mary could not be considered by the reviewer.

 Moreover, Claimant's argument that Dr. Ioannis' oral account of his treatment constitutes a "record" also fails. Although the definition relied upon by the Board provides that a record is "an account in writing **or the like** preserving the memory or knowledge of facts or events," this does not mean, as Claimant contends, that an oral recollection of events well after the fact is a "record." The Board's conclusion that such an oral summary is not a "record" is consistent with the definitions of "medical record" provided in Title 28 of the Pennsylvania Code (Health and Safety). For instance, 28 Pa.Code § 1001.2 defines "medical record" as "[d]ocumentation of the course of a patient's condition and treatment, maintained to provide communication among health care providers for current and future patient care."[7] Simply put, a "record" is something documented, not something remembered. When Dr. Ioannis spoke to the URO, he simply provided his recollection of Claimant's treatment, which is the same as providing no medical records at all.

Accordingly, because the required medical records were not provided to determine whether Claimant's medical treatment was reasonable or necessary, the Board properly found that the WCJ lacked jurisdiction to hear the appeal. Therefore, the order of the Board is affirmed.[8]

---

7. *See also* 28 Pa.Code § 27.1, which defines "medical record" as:

An account compiled by physicians and other health professionals including a patient's medical history; present illness; findings on physical examination; details of treatment; reports of diagnostic tests; findings and conclusions from special examinations; findings and diagnoses of consultants; diagnoses of the responsible physician; notes on treatment, including medication, surgical operations, radiation, and physical therapy; and progress notes by physicians, nurses and other health professionals.

8. Finally, we agree with the WCJ and Board that there is no exception just because physicians in Greece do not maintain medical records. If a provider or claimant wants to be paid for medical services, the provider must comply with medical conventions in Pennsylvania and keep medical records.

---

### ORDER

AND NOW, this *5th* day of *December,* 2013, the order of the Workers' Compensation Appeal Board, dated November 7, 2012 at No. A11–1680, is affirmed.