IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Georgia Mountz,                          :
               Appellant         :
                                     :
              v.                        :     No. 912 C.D. 2020
                                   :     Submitted: January 15, 2021
Columbia Borough                         :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION
BY JUDGE LEAVITT                                    FILED: July 13, 2021

          Georgia Mountz (Requester), *pro se*, has appealed an order of the Court of Common Pleas of Lancaster County (trial court) denying her Right-to-Know Law[1] request for environmental site assessment reports on a property located in the Borough of Columbia (Borough). In doing so, the trial court vacated the final determination of the Office of Open Records (OOR) directing the Borough to provide the reports to Requester. The trial court concluded that the environmental assessment reports were exempt from disclosure under Section 708(b)(22)(i) of the Right-to-Know Law, 65 P.S. §67.708(b)(22)(i), because they related to the Borough's investigation of a real property acquisition. Requester argues that the exemption did not apply because the Borough signed a sales agreement to purchase the property in question, albeit one terminable within 90 days at the sole discretion of the Borough. We affirm.

          This case concerns the Borough's environmental reviews of real property known as the McGinness airport tract (Property). In 2017, the Borough executed an agreement to purchase the Property from Peggy A. Knoll and James G.

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

McGinness, Trustees of the Property. The agreement gave the Borough 90 days to conduct an environmental study of the Property and the right to cancel the agreement without penalty should the environmental studies not be satisfactory to the Borough, in its sole discretion.

The Borough engaged the services of an engineering company to prepare two environmental studies of the Property. Prior to the expiration of the 90-day period, the Borough voided the agreement and demanded the return of its deposit.

On July 23, 2019, Requester submitted a written request to the Borough for

> [a]ny and [a]ll Environment Site Assessment Documents regarding the George and Dorothy McGinness property in Columbia, Pennsylvania 17512, including Phase I and Phase II assessments. I am a named beneficiary of [the] Trust.

Reproduced Record at 1 (R.R. __). On July 25, 2019, the Borough denied the request, stating that "*environmental reviews for potential real estate acquisitions that do not result in a purchase*" are exempt from disclosure under Section 708(b)(22)(i)(A) of the Right-to-Know Law. R.R. 2, 9 (emphasis added).

Requester appealed to the OOR, arguing that the requested environmental reports were in the public domain and not exempt.[2] In response, the Borough submitted the sworn attestation of Rebecca S. Denlinger, the Right-to-Know Officer for the Borough. Her affidavit stated, in relevant part, as follows:

---

[2] Before the OOR, Requester contended that the realty company handling the sale of the Property offered the environmental assessment reports on its website. Supplemental Reproduced Record at 31 (S.R.R. __). She also contended that the Borough provided a copy of the environmental site reports to two of the named beneficiaries of the Trust but not to her even though she is also a named beneficiary. *Id.* Neither argument is pursued by Requester in her appeal to this Court.

5. The [Borough] discussed the possibility of acquiring the [Property] in 2017.

6. On May 2, 2017, RETTEW Engineering submitted a Professional Services Agreement by which the Borough would hire RETTEW to prepare a Phase I [Environmental Study] and on June 26, 2017 a subsequent Project Addendum/Work Change Order to prepare a Limited Phase II Environmental Study of the [P]roperty as part of the Borough's due diligence.

7. The [Borough] engaged RETTEW, which produced the requested deliverables.

8. The Borough later determined not to conclude the purchase and authorized its solicitor, Barry Handwerger, to terminate discussions and request return of the security deposit.

9. On July 31, 2017, the Borough solicitor wrote directly to the escrow agent requesting the return of the deposit.

10. No further negotiations have been held since 2017.

S.R.R. 36-37 (citations to exhibits omitted).

The OOR issued a final determination granting Requester's appeal. The OOR explained that the exemption turned on whether the Borough had decided to "proceed" with the purchase of the Property. The OOR concluded that the Borough had decided to make the purchase, explaining that

> a sale of property need not be final in order for the exception to the exemption under Section 708(b)(22) to apply. Such an interpretation of the phrase is consistent with the common usage of the words "decision" and "proceed."

> Thus, in the present matter, the Agreement of Sale and payment of a deposit evidence a decision to proceed with the purchase of the referenced property; that it was subsequently voided is of no import to this analysis. Accordingly, the exemption under 65 P.S. §67.708(b)(22)(i) does not apply.

3

OOR Final Determination, 10/25/2019, at 5; R.R. 7 (citations omitted).

Thereafter, the Borough filed an appeal with the trial court, arguing that the OOR erred. The Borough contended that its execution of the sales agreement and payment of a refundable deposit did not manifest a decision to proceed with the acquisition of the Property. Rather, the sales agreement authorized the Borough to engage in due diligence so that it could obtain the information it needed to decide whether or not to acquire the Property.

The trial court agreed with the Borough and reversed the OOR's determination. It held that the environmental site assessment documents were exempt from disclosure under Section 708(b)(22) of the Right-to-Know Law. The trial court explained as follows:

> Section 708(b)(22) exempts the environmental studies at issue in this appeal unless the Borough made the decision "to proceed" with the acquisition. The Borough argues that it did not make the decision to proceed and the OOR concluded that it did. Unquestionably, the statutory language is ambiguous as it fails to define what the legislature means by "proceeding" with the acquisition of a piece of property. Does it mean that an agency makes the decision to proceed when it executes an agreement of sale that, like here, allows it to back out of the agreement upon review of environmental reports; or does it mean an agency makes the decision to proceed when all contingencies are met or the time to void the contract expires?
>
> The legislature did not presume environmental reviews of property a borough considers acquiring to be public records…. *This separation of the acquisition process into two phases demonstrates that the legislature intended to allow an investigative stage of acquisition by an agency prior to proceeding with purchasing a property.* An agency's mere interest in a property, and even the signing of an agreement for sale that allows for voiding the agreement prior to proceeding with the purchase, fall within the first stage of negotiations where

4

disclosure is not required. It would be an *absurd result indeed if the legislature intended the exemption to apply only where an agency has no agreement in place to protect its right to purchase the property after obtaining an environmental review*.

*** 

Accordingly, I concluded that the *exemption requiring disclosure of environmental reports, only applies when a governmental agency is legally and contractually obligated to purchase a property*. Any environmental reports would be useful to the public to hold government agents accountable for purchasing property for which large sums of public money may be required to clean up environmental pollution. However, when a government agency has refused to proceed with a purchase, there is no public benefit to disclosure of environmental reports that align with the purposes of the [Right-to-Know Law].

Trial Court Op., 5/29/2020, at 5-6 (emphasis added). Requester appealed to this Court.

On appeal, Requester raises five issues for consideration by this Court.[3] First, she argues that the trial court erred because the Borough made the decision to proceed with the acquisition of the Property by signing an agreement of sale. Second, she argues that the trial court erred in not giving adequate consideration to the OOR's legal conclusion that the environmental studies were subject to disclosure. Third, she argues that the trial court erred by not addressing the fact that the agreement of sale was legally binding. Fourth, Requester argues that the trial court's decision did not effectuate the legislature's intent in enacting the Right-to-Know Law. Finally, Requester argues that the trial court violated her right to due process.

---

[3] For purposes of this opinion, we have reorganized Requester's issues on appeal.

5

We begin with a review of the Right-to-Know Law, which requires local agencies to provide access to public records upon request. Section 302(a) of the Right-to-Know Law, 65 P.S. §67.302(a). Records in the possession of a local agency are presumed to be a public record unless exempt under Section 708 of the Right-to-Know Law, 65 P.S. §67.708(a)(1). The local agency has the burden of proving that a record is exempt by a preponderance of the evidence. *Id*.

Section 708(b)(22) of the Right-to-Know Law exempts a number of otherwise public records from disclosure. The exemption relevant here states as follows:

> (i) *The contents of real estate* appraisals, engineering or feasibility estimates, *environmental reviews*, audits or evaluations made for or by an agency relative to the following:
>
> > (A) *The* leasing, *acquiring* or disposing *of real property* or an interest in real property.
> >
> > (B) The purchase of public supplies or equipment included in the real estate transaction.
> >
> > (C) Construction projects.
>
> (ii) *This paragraph shall not apply once the decision is made to proceed with the lease, acquisition or disposal of real property* or an interest in real property or the purchase of public supply or construction project.

65 P.S. §67.708(b)(22) (emphasis added). In sum, an "environmental review" prepared "relative" to an agency's acquisition of real property is exempt from disclosure. However, this exemption does not apply "*once the decision is made to proceed* with the . . . *acquisition . . . of real property*." 65 P.S. §67.708(b)(22)(ii) (emphasis added).

6

Requester argues that the Borough decided to proceed with the acquisition of the Property, explaining that the term "proceed" is commonly used to mean "in the process of being accomplished." Requester Brief at 18. She contends that the Borough's execution of the sales agreement evidenced a decision to proceed and that the cancellation provision in the agreement is irrelevant.

The Borough responds that it negotiated a tentative purchase of the Property that was subject to its environmental due diligence. The sales agreement gave the Borough the option to cancel the agreement without penalty, and it did so. Stated otherwise, the Borough made an affirmative decision *not* to proceed with the acquisition of the Property.

This appeal turns on the meaning of Section 708(b)(22) of the Right-to-Know Law. It is our duty to give effect to the legislature's intent, with all of the statute's provisions. 1 Pa. C.S. §1921(a). "The best indication of legislative intent is the plain language of the statute." *Crown Castle NG East LLC v. Pennsylvania Public Utility Commission*, 234 A.3d 665, 674 (Pa. 2020). "In ascertaining the plain meaning, we consider the statutory language in context and give words and phrases their 'common and approved usage.'"[4] *Id.* (quoting *Commonwealth by Shapiro v. Golden Gate National Senior Care LLC*, 194 A.3d 1010, 1027 (Pa. 2018)). *See also* 1 Pa. C.S. §1921(b). "Only if the statute is ambiguous" will the court "resort to other means of discerning legislative intent." *Crown Castle NG East LLC*, 234 A.3d at 674 (quoting *Matter of Private Sale of Property by Millcreek Township School District*, 185 A.3d 282, 291 (Pa. 2018)).

---

[4] "In ascertaining the common and approved usage or meaning, a court may resort to the dictionary definitions of the terms left undefined by the legislature." *Leventakos v. Workers' Compensation Appeal Board (Spyros Painting)*, 82 A.3d 481, 484 n.4 (Pa. Cmwlth. 2013) (citation omitted).

Here, Section 708(b)(22)(i)(A) expressly exempts from disclosure the "contents" of "environmental reviews" that are made "relative" to the "acquisition" of "real property." 65 P.S. §67.708(b)(22)(i)(A). This exemption does not apply "*once* the decision is made to proceed with the . . . acquisition . . . of real property[.]" 65 P.S. §67.708(b)(22)(ii) (emphasis added).

The trial court found the statute ambiguous because it does not define what constitutes a "decision to proceed" with an acquisition of real property. Trial Court Op., 5/29/2020, at 5. The trial court hypothesized that a decision to proceed may take place when the government executes "an agreement of sale," which can be voided by the government without cost, or it may take place only "when all contingencies are met or the time to void the contract expires." *Id.* The trial court chose the second alternative.

First, the trial court reasoned that Section 708(b)(22) of the Right-to-Know Law separated records relating to the acquisition of real property into two phases: the investigation phase and the purchase phase. The trial court held that a real estate acquisition moves from the first phase to the second phase at the point in time the sales agreement is no longer voidable without penalty. The trial court rejected the OOR's conclusion that any "sales agreement" manifests a decision to proceed, regardless of the contents of that agreement.

Second, the trial court reasoned that its construction of an ambiguous statute avoided an otherwise absurd result. It would be absurd for a local agency to spend public funds on due diligence without the protection of a sales agreement that would allow it to make the decision to proceed with the purchase should the due diligence prove satisfactory.

8

Here, the environmental study contingency in the sales agreement stated, in pertinent part, as follows:

> The [Borough] may, at its discretion and at its expense, have one or more environmental studies of the [Property] performed within 90 days after the Execution Date. In the event any environmental report is unsatisfactory to the [Borough], the [Borough] *may, in its sole discretion, void this Agreement within 90 days after the Execution Date*.

R.R. 30 (emphasis added). "Once" the Borough received the environmental site reports for the Property, it decided not to proceed with the acquisition of the Property.

The phrase "*once* the decision is made to proceed with the . . . acquisition . . . of real property" must be understood in its context. 65 P.S. §67.708(b)(22)(ii) (emphasis added). It follows the clear and unambiguous exemption of "environmental reviews . . . relative to . . . the acquiring or disposing of real property[.]" 65 P.S. §67.708(b)(22)(i). "Once" refers to that point in time that the environmental reviews are complete. The legislature drew a line between the decision to do due diligence and the decision "to proceed," as the trial court concluded.

We agree with the trial court's construction of Section 708(b)(22) of the Right-to-Know Law. The government may take steps to ensure that upon receiving satisfactory environmental reviews, its "decision . . . to proceed with the . . . acquisition . . . of real property" will be enforceable. 65 P.S. §67.708(b)(22)(ii). The purchase need not be finalized, as observed by the OOR. However, the parties must be past the point in time that the sales agreement can be voided without penalty to the buyer. The trial court offered a construction of Section 708(b)(22) of the Right-to-Know Law that is logical and gives full effect to all its terms.

9

For these reasons, we affirm the order of the trial court that the Borough's environmental reports were exempt from disclosure under Section 708(b)(22)(i) of the Right-to-Know Law.[5]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[5] Because of our disposition, we need not address Requester's other issues on appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Georgia Mountz,                :

             Appellant     :

                                  :

           v.                :    No. 912 C.D. 2020

                                  :

Columbia Borough       :

# **O R D E R**

AND NOW, this 13th day of July, 2021, the order of the Court of Common Pleas of Lancaster County, dated May 29, 2020, is AFFIRMED.

                    _____

                    MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Georgia Mountz,                  :
           Appellant        :
                                     :    No. 912 C.D. 2020
          v.                    :
                                       :    Submitted: January 15, 2021
Columbia Borough            :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

DISSENTING OPINION
BY JUDGE McCULLOUGH                         FILED: July 13, 2021

Because I believe that the Majority has inverted the standard by which we review exemptions from disclosure under the Right-to-Know Law (RTKL),[1] I respectfully dissent.

As the Majority relates, in 2017, the Borough of Columbia (Borough) executed an agreement to purchase the real property at issue. However, the Borough later invoked a contingency allowing it to void that agreement upon its review of environmental studies of the property. The Borough then denied the RTKL request of Georgia Mountz (Requester) for those studies, invoking the exemption found at section 708(b)(22)(i)(A) of the RTKL, which provides that the following is exempt from disclosure:

> The contents of real estate appraisals, engineering or feasibility estimates, environmental reviews, audits or

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

evaluations made for or by an agency relative to the following:

> (A) The leasing, acquiring or disposing of real property or an interest in real property.

65 P.S. §67.708(b)(22)(i)(A).

This exemption, however, has a caveat—that it "shall not apply once the *decision is made to proceed* with the lease, acquisition or disposal of real property or an interest in real property . . . ." *Id.* §67.708(b)(22)(ii) (emphasis added).

In its final determination granting Requester's appeal of the Borough's denial, the Office of Open Records (OOR) reasonably concluded that, in light of the common usage of the words "decision" and "proceed," the Borough had decided to proceed with the acquisition of the property by entering into an agreement of sale and paying a deposit thereon, notwithstanding the environmental review contingency. (OOR Final Determination, 10/25/2019, at 5; Reproduced Record (R.R.) at 7.[2]) In other words, a "decision" to "proceed" with the acquisition of the property does not require *completion* of the sale. On review of the OOR's determination, the Court of Common Pleas of Lancaster County (trial court) opined that, "[u]nquestionably, the statutory language is ambiguous as it fails to define what the legislature meant by 'proceeding' with the acquisition of a piece of property." (Trial Ct. Op., 5/29/2020, at 5; R.R. at 25.) Notwithstanding this ambiguity, the trial court construed the language in favor of the Borough, concluding that it would be

---

[2] Requester did not number the pages of the Reproduced Record with "a small a, thus 1a, 2a, 3a, etc." as required by Pennsylvania Rule of Appellate Procedure 2173. Pa.R.A.P. 2173. I will cite to the pages of the Reproduced Record as Requester has numbered them.

absurd to apply the environmental review exemption only where an agency does not have an agreement of sale in place.

We are called upon to interpret this same language. Does the Borough's execution of an agreement of sale and payment of a deposit reflect a "decision . . . to proceed" with the "acquisition" of real property? 65 P.S. §67.708(b)(22)(ii). Must the Borough actually take title to the property, must certain conditions be met, or is a "decision . . . made to proceed" with the acquisition at some other point in the process? *Id.* The language of the RTKL provides no answer.

Unlike the trial court, the Majority avoids characterizing the operative statutory language as ambiguous. In my view, the RTKL is unclear as to when precisely a "decision is made to proceed" with the acquisition of real property. As such, the trial court was wholly correct to declare that section 708(b)(22)(ii) of the RTKL is ambiguous. Precisely for that reason, the dispute thus implicates important interpretive principles that our courts apply to the RTKL, which the Majority does not discuss.

Under the RTKL, "when resolving disputes regarding the disclosure of government records, agencies and reviewing courts must begin from a presumption of transparency." *American Civil Liberties Union of Pennsylvania v. Pennsylvania State Police*, 232 A.3d 654, 656 (Pa. 2020). We have held that we must "interpret the RTKL liberally to effect its purpose—that being, 'to promote access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions.'" *Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025, 1034 (Pa. Cmwlth. 2011) (*en banc*) (quoting *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (*en banc*), *aff'd*, 75 A.3d 453 (Pa.

2013)). Importantly, because we construe the law liberally in favor of disclosure, "[e]xemptions from disclosure must be narrowly construed due to the RTKL's remedial nature . . . ." *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013) (*en banc*). In short, we construe the RTKL's access provisions liberally, and we construe its exemptions strictly.

As the OOR reasoned, it seems to me that it is at least plausible that the Borough's actions in voting to purchase the property, executing an agreement of sale, and paying a deposit could constitute a "decision" to "proceed" with the "acquisition" of real property, regardless of whether it later would decide not to complete that acquisition. 65 P.S. §67.708(b)(22)(ii). This, in turn, would render the RTKL exemption for "environmental reviews" inapplicable, entitling Requester to the documents sought. 65 P.S. §67.708(b)(22)(i).

The Majority's conclusion to the contrary may also be plausible, but this merely underscores the ambiguity of the undefined "decision" to "proceed." The Majority's approach to this ambiguous provision, however, reflects a strict reading of the access provision, and a liberal construction of the exemption—an inversion of the above-cited principles that govern our interpretation of the RTKL. Because we should resolve such ambiguities in favor of transparency and access to records, I must respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge