<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Virginie Gabra and Ingie Gabra,     :
Individually and as Co-Administrators   :
of the Estate of Mamdouh Gabra      :
                                             :
               v.                       :
                                             :
Borough of Prospect Park          :
                                             :
               v.                       :
                                           :
Maher S. Gabra and Ester K. Gabra   :
                                        :   No. 1343 C.D. 2024
Appeal of: Borough of Prospect Park   :  Argued: May 14, 2026

BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE STELLA M. TSAI, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY                                   FILED: June 18, 2026

      The Borough of Prospect Park (Borough) appeals from the Delaware County Common Pleas Court's (trial court) October 4, 2024 order granting in part and denying in part the Borough's Motion for Summary Judgment (Motion), thereby striking the claims of Virginie Gabra and Ingie Gabra, Individually and as Co-Administrators of the Estate of Mamdouh Gabra (collectively, Appellees), under what is commonly referred to as the Political Subdivision Tort Claims Act (Act)[1]

---

[1] 42 Pa.C.S. §§ 8541-8542. The Act is also referred to as the Governmental Immunity Act. The Borough is a "local agency" entitled to governmental immunity pursuant to the Act, subject to the Act's enumerated exceptions.

based on the Act's real property exception[2] and utility service exception[3] to governmental immunity, and denying the Borough's request to strike Appellees' claims for exceptions to governmental immunity for streets[4] (Streets Exception) and sidewalks (Sidewalk Exception).[5] The Borough presents three issues for this Court's review: (1) whether the paved pathway (Pathway) in Moore's Lake Park (Park) in Prospect Park, Delaware County, is a local agency street for purposes of the Act's Streets Exception; (2) whether the concrete base surrounding the Park's pavilion (Pavilion) is a sidewalk within the right-of-way of a local agency street for purposes of the Act's Sidewalk Exception; and (3) whether the trial court erroneously denied summary judgment under the 2018 Amendment to the Act commonly known as the Recreational Use of Land and Water Act (Recreation Act).[6] After a thorough review, this Court reverses.

---

[2] The Act's real property exception waives governmental immunity for injuries arising out of "[t]he care, custody[,] or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency." Section 8542(b)(3) of the Act, 42 Pa.C.S. § 8542(b)(3).

[3] The Act's utility service exception waives governmental immunity for injuries arising from:

> A dangerous condition of the facilities of steam, sewer, water, gas[,] or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

Section 8542(b)(5) of the Act, 42 Pa.C.S. § 8542(b)(5).

[4] *See* Section 8542(b)(6) of the Act, 42 Pa.C.S. § 8542(b)(6).

[5] *See* Section 8542(b)(7) of the Act, 42 Pa.C.S. § 8542(b)(7).

[6] Act of February 2, 1966, P.L. (1965) 1860, *as amended*, 68 P.S. §§ 477-1 - 477-8. The 2018 amendment modified Section 2 of the Recreation Act's definition of *land* to include "paths, paved or unpaved trails, . . . [and] areas providing access to, or parking for, lands and waters,

2

On June 28, 2020, 73-year-old Mamdouh Gabra (Decedent) was a passenger in the front seat of a 2005 Toyota 4Runner operated by his older brother Maher S. Gabra (Brother). Brother's daughter and granddaughter were seated in the vehicle's rear seat. Brother drove the vehicle into the Park from 15th Avenue, which contains a "no outlet" sign and "no parking this side of the street" sign along the approach to the Park. Reproduced Record (R.R.) at 369a. At the entrance to the Park, directly across from five parking spaces, there is a sign announcing "**Park** closes at dusk" and a sign notifying that animals are prohibited in the "**Park**." *Id*. at 371a (emphasis added). The Park property begins with the small, paved parking area and narrows significantly[7] into the paved asphalt Pathway, *see id*., which leads to the Pavilion and baseball fields. *See* R.R. at 369a-371a, 480a. The concrete Pavilion structure contains a cement walkway around it abutting the building and the Pathway. Concrete stairways are present for accessing higher and lower elevated Park and/or Pathway sections.

The record establishes that as Brother's car approached the Pavilion, Brother stopped the vehicle, Brother's daughter and granddaughter exited the vehicle, and Brother proceeded further along the Pathway past the Pavilion. The Pathway ended immediately past the Pavilion. Decedent exited the vehicle and attempted to direct Brother in turning the vehicle around. Appellees allege that as Brother negotiated the maneuver, he proceeded to brush/strike the concrete base of a former water fountain attached to the Pavilion and struck and ran over Decedent with the car, causing Decedent's death.

Appellees filed an Amended Complaint against the Borough on July 19, 2022. The Amended Complaint sought relief pursuant to the real property and

---

including, but not limited to, access ramps, trails[,] or piers for use by recreational users with disabilities." 68 P.S. § 477-2.

[7] It is evident from the record photographs that where 15th Avenue ends at the Park entrance, the Pathway narrows significantly.

utility service exceptions to governmental immunity, plus the Streets Exception, and the Sidewalk Exception. The Borough filed a Joinder Complaint against Brother and his wife, Ester K. Gabra, on July 22, 2022.

On August 8, 2024, the Borough filed the Motion. Therein, the Borough requested that the trial court strike the Amended Complaint because Appellees failed to establish that the Act's exceptions applied and the Recreation Act barred the action. The Borough appended exhibits to the Motion which included the deposition transcripts of Borough Police Officer John R. Shemeluk (Officer Shemeluk), Officer Kyle Gross (Officer Gross), Sergeant Henry O'Neill, and Chief David Madonna (Chief Madonna), along with police records. The Borough also supplied a report by William O'Connor, M.D., who opined on April 26, 2023, that Brother was not competent to testify at trial for health reasons. In addition, the Borough attached two municipal plans for the Park developed with adjacent municipalities.

On September 12, 2024, Appellees opposed the Motion and offered several exhibits, including an expert technical report by Michael Tuttman, P.E., regarding traffic and signage, a Norwood Fire Company Number One record, a Delaware County District Attorney Forensic Science Unit Crash Reconstruction Report, the Prospect Park Police Department Incident Report, Daniel M. Wolfe, Ph.D.'s expert Accident Reconstructionist Report, the Pennsylvania Department of Transportation's handbook of approved signs, an insurance adjuster's report, and the Borough's answers to interrogatories.

On October 4, 2024, the trial court granted the Motion in part, striking Appellees' claims under the real property and utility service exceptions, and denying the Borough's request to strike their claims under the Streets Exception and

4

Sidewalk Exception. The Borough appealed to this Court pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 313.[8]

On December 10, 2024, the trial court issued an opinion in support of its October 4, 2024 order, wherein it explained:

> Th[e trial c]ourt[,] in reviewing the extensive photographic evidence and the Delaware County District Attorney Forensic Science Unit Crash Reconstruction Report[,] determined that **immunity may be waived for the streets and sidewalk <u>based on the record at this time</u>**. The termination of 15th Avenue into the entrance for [the] Park is not distinguishable and the no outlet sign does not forbid entry. The Gabra family appears not to have been familiar with the [P]ark and their negotiation of the [Pathway] may be a reasonably foreseeable risk with injury. The [Pathway] was used for access to the ballfields and the [Pavilion] and parking. The abrupt termination of the [Pathway] and the space to navigate the turnaround may constitute a dangerous condition. The Borough could be reasonably charged with notice of the circumstances at a sufficient time prior to the event and have taken measures to protect against the dangerous condition.

---

[8] On February 25, 2025, this Court directed the parties to address the appealability of the trial court's order in their briefs to this Court. Appellate Rule 313(a) provides: "An appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). In their respective briefs, both parties correctly observe that the trial court's order is appealable because "[a]n order denying summary judgment where a party has raised the defense of sovereign immunity in a personal injury action is immediately appealable as a collateral order pursuant to [Appellate Rule] 313." *Schmidt ex rel. Estate of Gregory J. Schmidt v. Pa. Dep't of Transp.*, 326 A.3d 147, 150 n.7 (Pa. Cmwlth. 2024), *appeal granted*, (Pa. No. 561 MAL 2024, filed May 21, 2025); *see also Brooks v. Ewing Cole, Inc.*, 259 A.3d 359 (Pa. 2021); *West v. Pittsburgh Pub. Sch.*, 327 A.3d 340, 343 n.6 (Pa. Cmwlth. 2024).

"This Court's review of a trial court's order granting or denying a motion for summary judgment is limited to determining whether the trial court committed an abuse of discretion or an error of law." *Javitz v. Luzerne Cnty.*, 344 A.3d 505, 515 n.14 (Pa. Cmwlth. 2025) (quoting *Sacco v. Twp. of Butler*, 863 A.2d 611, 613 (Pa. Cmwlth. 2004)).

The cement walkway surrounding the two-story [Pavilion] next to the macadam [P]athway may also be found a dangerous condition which created a reasonably foreseeable risk of the kind of injury that was incurred and that notice could be reasonably charged under the circumstances. The record was not developed in great detail in regard to the use of the [Pavilion] and the walkway that surrounded it. It appears to surround the [Pavilion] and is a cement composition as opposed to the macadam [Pathway]. Pedestrian and vehicle traffic at the same time in the small area could create a foreseeable risk. Counsel for the parties on appeal will detail to the Commonwealth Court the existence or lack of a dangerous condition and the foreseeable risk in [the] Park. Th[e trial c]ourt found based on its review of [Appellees'] expert reports, memorandum[,] and record that the "no outlet" sign was insufficient to bar the Gabra families' entry into the [P]ark and vehicular use of the [Pathway]. **Th[e trial c]ourt was prepared at trial to further restrict**, **if necessary**, **the [S]treets and [S]idewalk[] [E]xceptions claims to immunity based on the record developed at trial**.

Trial Ct. Op. (Dec. 10, 2024) at 5-6 (bold and underline emphasis added).

Initially,

[s]ummary judgment is appropriate

> **if**, **after the completion of discovery relevant to the motion**, **an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action** . . . . A party seeking to avoid summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions, or affidavits that there is a genuine issue for trial.
>
> *O'Rourke v. Dep't of Corr.*, 730 A.2d 1039, 1041 (Pa. Cmwlth. 1999) (emphasis added); *see also* [Pennsylvania Rule of Civil Procedure] 1035.2.

*Moon v. Dauphin Cnty.*, 129 A.3d 16, 28 (Pa. Cmwlth. 2015).

6

The Borough first contends that the trial court erroneously held that the determination of whether the paved Pathway within the Park is a local agency street and, thus, whether Appellees' claim consequently falls within the Streets Exception, is a question of fact for a jury. The Borough further argues that the trial court should have concluded as a matter of law that the Pathway is not a local agency street and the Streets Exception does not apply.

Importantly, the trial court did not hold that whether the Pathway in the Park is a Street is a jury question. Rather, based on the facts before it, **the trial court declined to conclude that the Streets Exception did not apply**, **and**, **therefore**, **refused to grant summary judgment on that issue**.[9]

> The Pennsylvania Supreme Court has explained:
>
> Section 8542 of the [Act] waives governmental immunity in certain, limited circumstances. It explains that a local agency may be liable for damages resulting from an injury to a person or property when three prerequisites are met: (1) the damages would be recoverable under the common law or a statute if the defendant were not protected by governmental immunity; (2) "[t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties[;]" and (3) **the negligent act which caused the injury is one of the acts listed in subsection (b)**. 42 Pa.C.S. § 8542(a)(1)-(2).

*City of Philadelphia v. J.S.*, 353 A.3d 566, 572 (Pa. 2026) (emphasis added). "**A plaintiff has the burden of demonstrating that all three conditions have been met**." *Simko v. Cnty. of Allegheny*, 869 A.2d 571, 573-74 (Pa. Cmwlth. 2005) (emphasis added). Moreover, the law is well established that "exceptions to immunity are narrowly construed." *Gramlich v. Lower Southampton Twp.*, 838 A.2d 843, 846 (Pa. Cmwlth. 2003).

---

[9] Nonetheless, the trial court explained that it might do so later based upon the record developed at trial.

Relevant here, the Streets Exception authorizes the imposition of liability against a local agency for

> [a] dangerous condition of **streets** owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6)(i) (emphasis added). This Court has held:

> **[U]nder the "[S]treets [E]xception," the [plaintiffs] must show**, **first**, **that the area in which [the injury occurred] is considered a "street" owned by a local agency**. This Court has defined the term "street" for purposes of governmental immunity as, "[a] road or public **thoroughfare used for travel** in an urban area, including the pavement, shoulders, gutters, curbs, and other areas within the street lines." *Granchi v. Borough of N*[.] *Braddock*, 810 A.2d 747, 749 (Pa. Cmwlth. 2002) (quoting Black's Law Dictionary, 1434 (7th ed. 1999)).

*Gramlich*, 838 A.2d at 846 (emphasis added).

The Act does not define *street*. "[I]t is well-settled that, '[w]here a statutory term is without express definition, the definition of that term is a question of law. . . .'" *Colmar Volunteer Fire Co. v. Dep't of State, Bureau of Charitable Orgs.*, 949 A.2d 970, 974 n.5 (Pa. Cmwlth. 2008) (quoting *Coleman v. Workers' Comp. Appeal Bd. (Indiana Hosp. & Phico Serv. Co.)*, 842 A.2d 349, 353 (Pa. 2004)). "In ascertaining the common and approved usage or meaning, a court may resort to the dictionary definitions of the terms left undefined by the legislature." *Mountz v. Columbia Borough*, 260 A.3d 1046, 1050 n.4 (Pa. Cmwlth. 2021) (quoting *Leventakos v. Workers' Comp. Appeal Bd. (Spyros Painting)*, 82 A.3d 481, 484 n.4 (Pa. Cmwlth. 2013) (citation omitted)).

8

"Webster's Dictionary defines a *street* as '**a thoroughfare** especially in a city, town, or village that is **wider than an alley or lane** and that usually includes sidewalks; the part of a street reserved for vehicles; a thoroughfare with abutting property.'" *Granchi*, 810 A.2d at 749 (emphasis added; footnote omitted) (quoting Merriam-Webster's Collegiate Dictionary (10th ed. 2001)).

> The dictionary defines ["]thoroughfare" as (1) "a street that goes through **from one street to another**" and (2) "an unobstructed way open to the public." Webster's Third New International Dictionary Unabridged 2380 (1993). [This Court] ha[s] further described it as "a street or highway affording an unobstructed **exit at each end into another street or public passage**." *Tobin v. Radnor Township Bd. of Comm'rs*, 597 A.2d 1258, 1266 (Pa. Cmwlth. 1991).

*Gramland Props., Inc. v. Pa. Liquor Control Bd.*, 807 A.2d 339, 342 (Pa. Cmwlth. 2002) (emphasis added). "[T]he presence of vehicular traffic is not dispositive in transforming a strip of asphalt into a 'street;' **the thoroughfare is a street because of its physical characteristics**, **location**, **primary and intended use**, **and legal descriptions of record**." *Granchi*, 810 A.2d at 749-50 (emphasis added). Thus, whether the Pathway is a street is a legal determination based on record facts - **not** on a plaintiff's subjective perception.[10]

---

[10] Appellees argue that the lack of signage identifying the Pathway as a pedestrian-only trail caused Brother to continue driving onto the Pathway. While such lack of signage *might* constitute negligence on the Borough's behalf, it does not transform the Pathway into a *street*, as that term is commonly used. *See Granchi*. Here, even if the Borough was negligent because it failed to install such signage, the Borough would be insulated from liability unless Appellees met their burden of demonstrating that the Pathway is a *street*.

Notwithstanding, the trial court appears to have considered Brother's subjective perception in denying summary judgment, stating: "The termination of 15th Avenue into the entrance for [the] Park is not distinguishable[,] and the no outlet sign does not forbid entry." Trial Ct. Op. at 5. To permit a party's perception to determine whether the location of an accident is a *street* would invite potentially contradictory outcomes with respect to the same location in different litigations.

Here, **in order to proceed to trial on their negligence action**, **Appellees had the burden to produce evidence demonstrating** that, as a matter of law, **the accident occurred on a *street***.  *See Moon*; *Gramlich*.

Officer Gross described, and documentary evidence reflected, that the Pathway's physical characteristics were significantly narrower than 15th Avenue - a **9-foot to 11-foot-wide** paved trail located **in the Park** that **ends** just past the Pavilion.[11]  *See* R.R. at 232a.  Appellees did not offer proof that the Pathway "is wider than an alley or lane[.]"[12]  *Granchi*, 810 A.2d at 749 (quoting Merriam-Webster's Collegiate Dictionary (10th ed. 2001)).  Moreover, Appellees did not demonstrate that the Pathway is "used **for travel**[.]"  *Gramlich*, 838 A.2d at 846 (emphasis added) (quoting *Granchi*, 810 A.2d at 749).  Further, Appellees did not show that the Pathway goes "through from one street to another[.]"  *Gramland*, 807 A.2d at 342 (quoting Webster's Third New International Dictionary Unabridged

---

[11] By way of comparison, the Subdivision and Land Development Ordinance for Delaware County, Pennsylvania, Delaware County Ordinance No. 2016-2, effective August 13, 2016, provides that the minimum right-of-way for a local street shall be 50 feet with a cartway width of 36 feet.  *See* https://www.delcopa.gov/sites/default/files/2024-11/DelawareCountySALDO_0.pdf at 75 (last visited June 17, 2026).  Chief Madonna testified emphatically that the Pathway is "in no way by appearance or any reasonable manner . . . a street."  R.R. at 351a.  In addition, Officer Gross explained that 15th Avenue ends at the parking lot entrance.  *See* R.R. at 262a.  Further, the District Attorney's Criminal Investigative Division's July 9, 2020 Report of the Forensic Science Unit Crash Reconstruction describes the Pathway as follows:

> 15th Avenue is a residential roadway that turns to a dead end into the entrance of the . . . [P]ark property.  The [P]ark property begins with a small parking lot with two (2) handicapped parking spaces and [three] standard parking spaces.  The parking lot transforms into a paved asphalt [P]athway down to a [Pavilion] and baseball fields.  The [P]athway is approximately 400 feet long with a width of approximately 11 feet.  The [P]athway is routinely used for field maintenance vehicles and not intended for general public traffic.

R.R. at 480a.

[12] Rather, Officer Shemeluk, who was the first police officer to arrive at the accident scene, testified that the Pathway was wide enough only "at some points probably[,]" for his vehicle to proceed down the Pathway without touching the grass.  R.R. at 175a.

10

2380 (1993)). Nor did Appellees produce evidence that the Pathway affords "an unobstructed exit at each end into another street or public passage." *Gramland*, 807 A.2d at 342 (quoting *Tobin*, 597 A.2d at 1266). In fact, the parties do not dispute that the Pathway ends just past the Pavilion.

Further, with respect to the Pathway's primary and **intended** uses, Borough Ordinance 1331 (effective at the time of the accident) prohibits vehicular traffic in all Borough parks without express permission of the Borough's Recreation Board other than employees or Borough officials. *See* R.R. at 71a-74a. The Pathway was located within the Park, and Appellees have not asserted otherwise. Thus, at the time of the accident, the Borough's intended purpose for the Pathway was **not** vehicular traffic, as this Court cannot assume the Borough intended a use that violated its own Ordinance. Instead, testimony supported that the Pathway's primary use was for employees and as a short-term access for youth club members loading equipment or items for concessions, a function akin to that of a driveway.[13] *See* R.R. at 176a.

Importantly, with respect to legal descriptions of record, no witness testified or provided documentary evidence that the Pathway is a street. Nor did Appellees provide legal descriptions or other evidence that the Borough had ever laid out or opened the Pathway as a street in attempting to satisfy their burden of

---

[13] This Court has explained:

> A "driveway" is "a private road giving access *from a public thoroughfare* to a building or buildings on abutting grounds," Webster's Third New International Dictionary Unabridged 692 (1986) (emphasis added); thus, according to its common and sensible usage, a driveway does not constitute a thoroughfare. It is only a private road *to* a public thoroughfare used for access by the owners of the property serviced by the driveway.

*Tobin*, 597 A.2d at 1266 (citation omitted).

11

showing that the Pathway was a street. *See* Section 1721.1 of the Borough Code, 8 Pa.C.S. § 1721.1 (relating to borough power to lay out/open streets).[14]

In order to prevail at the summary judgment stage, Appellees were required to show "that the area in which [the injury occurred] is considered a 'street' owned by a local agency."[15] *Gramlich*, 838 A.2d at 846. Appellees did not provide facts upon which the trial court could conclude as a matter of law that the Pathway was indeed a *street*. Rather, Appellees, at most, demonstrated that Brother may have *believed* the Pathway was a street. An individual's subjective belief does not transform a pathway into a street. Thus, with respect to the Streets Exception, Appellees "failed to produce facts essential to the[ir] cause of action[,]" and, therefore, the trial court erred as a matter of law by not granting the Borough's Motion. *Moon*, 129 A.3d at 28 (quoting *O'Rourke*, 730 A.2d at 1041).

The Borough next asserts that the trial court erroneously held that the determination of whether the concrete base surrounding the Pavilion is a sidewalk within the right-of-way of a local agency street, and consequently falls within the Sidewalk Exception, is a question of fact for a jury. The Borough further argues that

---

[14] Notably, Section 1721.2(f) of the Borough Code provides:

> The laying out of a street, without opening the street, **creates no right to public use of the street and does not** constitute the taking or acceptance of a property or **obligate the [B]orough** to improve **or maintain the street or the property** on which the street has been laid out.

8 Pa.C.S. § 1721.2(f) (emphasis added).

[15] Importantly, the Borough did **not** have the burden to prove that the accident location was **not** a street. *See Gramlich*. The Borough is immune **unless** a plaintiff **proves** an exception applies. *See Manning v. Dep't of Transp.*, 144 A.3d 252, 256 (Pa. Cmwlth. 2016) ("To defeat the defense of sovereign immunity, the plaintiff **must** . . . **establish** that his or her allegations fall within one of the . . . enumerated exceptions to [Section 8522(a) of the Judicial Code [], 42 Pa. C.S. § 8522(a), which is commonly referred to as the *Sovereign Immunity Act*)] . . . ." (Emphasis added)). "Because of the similarities of their provisions, [the] Act and Sovereign Immunity Act are interpreted consistently." *Degliomini v. ESM Prods., Inc.*, 253 A.3d 226, 242 n.10 (Pa. 2021).

12

the trial court should have concluded as a matter of law that the concrete base is not a sidewalk and the Sidewalk Exception to immunity does not apply.

Like the Streets Exception, the trial court did not hold that such determination is a jury question. Instead, based on the facts before it, the trial court declined to conclude that the Sidewalk Exception was inapplicable and, thus, refused to grant summary judgment on that issue.

If the provisions of Section 8542(a) of the Act are met, the Sidewalk Exception waives immunity and allows for a local agency to be liable for

> [a] dangerous condition of **sidewalks <u>within the rights-of-way of streets owned by the local agency</u>**, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(7) (underline and bold emphasis added). The Pennsylvania Supreme Court has emphasized that the Sidewalk Exception "**only** applies to dangerous conditions of sidewalks '**within the rights-of-way of streets** owned by the local agency.'" *Walker v. Eleby*, 842 A.2d 389, 392 (Pa. 2004) (emphasis added) (quoting 42 Pa.C.S. § 8542(b)(7)). Although the Act does not define *sidewalk*, this Court has observed that "[a] 'sidewalk' is defined as 'a walk for foot passengers usually at the side of a street or roadway.'" *Bullard v. Lehigh-Northampton Airport Auth.*, 668 A.2d 223, 225 (Pa. Cmwlth. 1995) (quoting Webster's Third New International Dictionary 2113 (1986)). Similarly, Section 102 of the Vehicle Code defines *sidewalk* as "[t]hat **portion of a street** between curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for use by pedestrians." 75 Pa.C.S. § 102 (emphasis added). Having already held that Appellees failed to satisfy

13

their burden to demonstrate that the Pathway is a *street*, the concrete base surrounding the Pavilion that abuts the Pathway cannot be a "**sidewalk[] within the rights-of-way of streets owned by the local agency**." *Walker*, 842 A.2d at 392 (emphasis added; quotation marks omitted). Accordingly, the trial court erred as a matter of law by not granting the Borough's Motion with respect to the Sidewalk Exception.

For all of the above reasons, the portions of the trial court's order denying summary judgment with respect to the Streets Exception and the Sidewalk Exception are reversed.[16]

_____
ANNE E. COVEY, Judge

---

[16] Given the disposition of the first two issues, this Court need not reach the Borough's contention that it is also immune from liability under the Recreation Act.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virginie Gabra and Ingie Gabra, : 
Individually and as Co-Administrators :
of the Estate of Mamdouh Gabra :
:
:
v. :
:
Borough of Prospect Park :
:
v. :
:
Maher S. Gabra and Ester K. Gabra :
: No. 1343 C.D. 2024
Appeal of: Borough of Prospect Park :

# O R D E R

AND NOW, this 18th day of June, 2026, the Delaware County Common Pleas Court's October 4, 2024 order denying the Borough of Prospect Park's Motion for Summary Judgment with respect to exceptions to governmental immunity under what is commonly known as the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-8542, for streets and sidewalks owned by a local agency is reversed.

_____
ANNE E. COVEY, Judge